493 So.2d 97 (1986)
CITY OF POMPANO BEACH, Appellant,
v.
GENERAL MOBILE HOME BROKERS, INC., a Florida Corporation, Appellee.
No. 85-2765.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
*98 Philip J. Montante, Jr. of Philip J. Montante, Jr., P.A., Pompano Beach, for appellant.
Donald J. Freeman of Beverly & Freeman, West Palm Beach, for appellee.
PER CURIAM.
The City of Pompano Beach appeals from a final order granting replevin and ordering the return of appellee's property. Appellant's police department seized the property pursuant to the Florida Contraband Forfeiture Act, sections 932.701-932.704, Florida Statutes. The Pompano Beach police made a routine stop of appellee's boat because no name or Florida registration numbers were displayed on it, as required by section 328.07(4), Florida Statutes. The police discovered contraband on board and seized the boat.
Appellee with knowledge of the pending forfeiture proceeding filed a separate replevin action seeking return of its property. Appellant filed a motion to dismiss the replevin action based on section 932.703(1), Florida Statutes (1983). The trial court denied appellant's motion.
We reverse on the authority of Lamar v. Universal Supply Co., 479 So.2d 109 (Fla. 1985). Section 932.703(1), Florida Statutes (1983), precludes the maintenance of a replevin action during the pendency of a forfeiture action.[1] We remand this cause for entry of an order dismissing the replevin action.
REVERSED and REMANDED.
DOWNEY, ANSTEAD and DELL, JJ., concur.
NOTES
[1] Effective October 1, 1985, section 932.703(1) was amended to allow a replevin action if forfeiture proceedings are not initiated within ninety days after the date of seizure. The amendment is not controlling because this seizure was on July 6, 1985.