BASKIN, Judge.
Granting a defense motion to suppress evidence seized from defendant Contraras, the trial court found:
[T]he actions of the officers in stopping the Defendant were done for the purpose of searching the bag and its contents. The officers intended to search the bag even though they did not have probable cause to conduct such *340 search. Moreover, the Court finds that the officers did not have reasonable suspicion to believe the Defendant was engaged in illegal activity, and they were acting on a mere hunch. The hunch of the officers was not based upon an artic-ulable reasonable suspicion which was based on particular actions of the Defendant or the circumstances. Instead, the stop was based upon the fact the Defendant did certain innocent acts which fit within a “profile” of innocent acts which are consistent with drug traffickers as well as innocent persons. The innocent acts of the Defendant do not in and of themselves give rise to an articu-lable and objective reasonable suspicion.
We agree with the trial court that the facts under consideration do not warrant official intrusion. Using a pay telephone, bowling in a bowling alley, driving to a beauty salon, stopping at a nearby house, and leaving that residence with a bag are not “specific and articulable” facts which would justify stopping defendant Contrar-as. Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). We therefore affirm the Order Granting Motion to Suppress. See Coladonato v. State, 348 So.2d 326 (Fla.1977); Carter v. State, 454 So.2d 739 (Fla. 2d DCA 1984); Kayes v. State, 409 So.2d 1075 (Fla. 2d DCA 1981), review denied, 424 So.2d 762 (Fla.1982).
Affirmed.