536 So.2d 283 (1988)
Richard ALBERTY, Appellant/Cross-Appellee,
v.
The STATE of Florida, Appellee/Cross-Appellant.
Nos. 87-2775, 87-3046.
District Court of Appeal of Florida, Third District.
December 6, 1988.
Frank A. Rubino, Coconut Grove, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., and Nancy C. Wear and Steven L. Scott, Asst. Attys. Gen., for appellee/cross-appellant.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
The trial court's rulings granting Defendant Alberty's motion to suppress evidence seized at the scene of the arrest and denying the motion to suppress evidence *284 taken from his residence are the impetus behind these appeals. We find merit in Alberty's appeal, but not in the state's cross-appeal.
While conducting a surveillance regarding unrelated narcotics activities, Detective Orrett noticed an individual, Henry Martin Rivera-DeJesus, using a pay telephone at Kendall Drive and Southwest 117th Avenue. After using the telephone several times, Rivera walked over to Alberty's car and spoke to Alberty and his passenger. When Rivera left, Detective Orrett and other officers followed Alberty's car to an apartment complex where the passenger remained. Alberty continued to Burger King at Kendall Drive and S.W. 137th Avenue where he ordered food at the drivethru window, he then drove to a gas station where he had his car washed, and finally went to his own residence. Although neither Alberty nor his residence was suspected of involvement in drug activity, officers watched for 20 minutes and finally observed Alberty leave his residence with a plastic shopping bag. When Alberty drove away, the officers followed him to the shopping mall where he met Rivera. At that point, the officers blocked Alberty's car to prevent him from driving away. One of the officers saw a wrapped object inside a shopping bag lying at Rivera's feet inside the car. The officer opened the wrapped packet and discovered a kilo of cocaine. The officers arrested Alberty and Rivera, and placed Alberty in handcuffs in the rear of a patrol car. After advising Alberty of his rights, the officers questioned Alberty and learned from Alberty that he had more cocaine at his residence. The officers took Alberty to his home, but his mother refused to consent to a search. Using Alberty's statements, the officers obtained a search warrant for the residence. Their search disclosed 220 kilos of cocaine in the garage, as Alberty had indicated.
Alberty moved to suppress the cocaine found at the scene of the arrest and at his residence. The trial court granted Alberty's motion in part, suppressing the cocaine found at the arrest scene as the fruit of an illegal stop, but allowing introduction of the cocaine seized at Alberty's home. Alberty entered a nolo contendere plea reserving his right to appeal the trial court's denial of his motion to suppress the evidence seized at his residence.
On appeal, defendant Alberty asserts that the officers lacked sufficient grounds for a valid stop. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Consequently, he argues, their subsequent searches were tainted by the unlawful stop and the trial court should have suppressed all the evidence as "fruit of the poisonous tree." Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 455 (1963). Alberty maintains that his exculpatory statements were not sufficiently attenuated to purge the initial taint.
We agree with Alberty's position and find no merit in the state's assertion that the officers' observations could have furnished a lawful founded suspicion legitimizing the stop. Talking on a pay telephone, driving a passenger to his destination, eating at Burger King, and stopping for a car wash are not unlawful activities sufficient to justify a founded suspicion of criminal conduct. State v. Contraras, 512 So.2d 339 (Fla. 3d DCA 1987). When the officers saw the cocaine in plain view, arrested defendants, and advised them of their rights, their activities were already tainted by the unlawful stop. See Norman v. State, 379 So.2d 643 (Fla. 1980); Bailey v. State, 319 So.2d 22 (Fla. 1975); United States v. Miller, 821 F.2d 546 (11th Cir.1987); United States v. Berry, 670 F.2d 583 (5th Cir.1982) (en banc). We therefore hold that the trial court correctly suppressed the evidence seized at the scene of the arrest and should have suppressed the remainder of the evidence taken from Alberty's residence.
Affirmed in part; reversed in part; remanded with directions to discharge the defendant.
HUBBART and BASKIN, JJ., concur.
BARKDULL, J., dissents.