536 So.2d 359 (1988)
Hernan PEREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-169.
District Court of Appeal of Florida, Third District.
December 27, 1988.
*360 Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Nancy Wear, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
One point raised in this appeal from a conviction for possession of cocaine merits discussion: whether the warrantless search of a vehicle was based on a valid and voluntary consent. We conclude that there is no basis in the record to reverse the trial court's finding that the defendant gave a voluntary and intelligent consent.
The defendant, Perez, was stopped following a lengthy surveillance of suspicious activities[1] in a busy Kendall shopping center. He readily produced a driver's license upon request. The facts after that point are disputed. The officer contends that he told Perez that he was conducting a narcotics investigation and that Perez verbally agreed to a search and opened the trunk of the automobile without a specific request to do so.
When presented with a consent to search form which explained that consent could be withheld, the defendant replied that "on the advice of counsel" he would not sign anything. Otherwise there was no withdrawal of, or limitation placed on, the already given verbal consent. The officer unzipped the portfolio case which the defendant had placed under the front passenger seat and discovered two clear cellophane-wrapped kilos of cocaine.
At the hearing on the motion to suppress Perez testified that although he was cooperative he did not verbally consent to a search and that the officer conducted the search after he refused to sign a consent to search form.
In resolving the dispute the trial court was required to consider all the facts and circumstances and to weigh the credibility of the witnesses. The settled law governing review of a trial court's decision on a motion to suppress is that the ruling comes to the appellate court with a presumption of correctness and a reviewing court should not substitute its judgment for that of a trial court, but, rather, should defer to the trial court's authority as a factfinder. Wasko v. State, 505 So.2d 1314, 1316 (Fla. 1987); DeConingh v. State, 433 So.2d 501 (Fla. 1983), cert. denied, 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984); Rodriguez v. State, 189 So.2d 656 (Fla. 3d DCA 1966), cert. denied, 389 U.S. 848, 88 S.Ct. 66, 19 L.Ed.2d 116 (1967). Review of the *361 record shows that the case was based on sharply conflicting testimony on the consent question,[2] which was solely for the trial judge and then the jury  not this court  to resolve. Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
AFFIRMED.
SCHWARTZ, C.J., and FERGUSON, J., concur.
BASKIN, Judge (specially concurring).
Unlike the majority, I find there was an absence of justification for an investigatory stop. The facts of this case closely approximate the circumstances contained in our recent opinion in Alberty v. State, 536 So.2d 283 (Fla. 3d DCA 1988). Here, as there, while surveilling a shopping center at Kendall Drive and S.W. 117th Avenue, the officer saw a Latin male (not the defendant) use a pay phone several times, drive a car through the shopping center parking lot, and park the car at a curb. Shortly after these events, defendant Perez waved at the man and entered the car. The two men drove around the parking lot for several minutes before Perez emerged from the car with a portfolio and drove away in his own car.
Defendant's actions do not give rise to a well-founded suspicion of criminal activity, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Coladonato v. State, 348 So.2d 326 (Fla. 1977); State v. Contraras, 512 So.2d 339 (Fla. 3d DCA 1987), and the unlawful stop tainted the subsequent search. Here, however, unlike Alberty, the taint of the unlawful search was dissipated by the ensuing proceedings. "Any taint which may arise from even an unlawful prior seizure of the defendant's person is dissipated as a matter of law when he is advised of his constitutional right to refuse consent to search and nevertheless voluntarily does so." State v. Gribeiro, 513 So.2d 1323, 1324 (Fla. 3d DCA 1987).
The record shows that defendant Perez was given a consent form which advised him that he could refuse consent for the search, and the police officer testified that defendant appeared to read the form. Although the evidence is conflicting concerning whether defendant consented to the search of his vehicle, we must resolve conflicts in favor of the trial court's ruling. Substantial competent evidence supports the trial court's decision. Tibbs v. State, 397 So.2d 1120 (Fla. 1981). Consequently, I would hold that the taint of the unlawful stop was purged, Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), and would affirm the denial of the motion to suppress.
NOTES
[1] An undercover officer in a pickup truck was surveilling a shopping center at Kendall Drive and Southwest 117th Avenue when he saw a Latin male (not the defendant) make and receive several phone calls, in a 10-15 minute span, at a pay phone outside a convenience food store. Upon completing the last call the subject walked to his car, entered, drove around the lot twice, then parked the car against the curb with the engine running.

Several minutes later, as the officer watched, the defendant approached the parked car, got in, and talked as the car was driven around the lot. When the car stopped the defendant, who had entered the car empty-handed, exited with a portfolio-type briefcase. He walked over to an old automobile, opened the passenger door, placed the case partly under the seat, and slid across to the driver seat.
[2] We do not say, contrary to what is said in the concurring opinion, that the initial stop was justified. It is not necessary to reach that question.