GARRETT, Judge.
Members of the Davie Police Department obtained a warrant to search an apartment and its curtilage for evidence of drug violations. The warrant did not specify the name of the occupant of the apartment.
While waiting to execute the warrant, the police observed the appellee drive up, legally park his automobile in the apartment complex parking lot, and enter the apartment described in the warrant. The police then entered the apartment and secured all the persons therein.
*719 One of the officers went outside to check the ownership of the parked car. It was dark; he used a flashlight to look through the windshield. The officer saw a partially smoked hand-rolled cigarette on the floorboard and a pair of scissors and cigarette rolling papers in an open ashtray. Believing the hand-rolled cigarette contained marijuana and the scissors and rolling papers were drug paraphernalia, the officer seized the items as contraband and arrested the appellee.
A motion to suppress the evidence seized was granted and the state appealed.
The officer who searched the automobile had the authority to be on the parking lot. Such authority came from the warrant expressly including the curtilage as part of the search area. The parking lot was part of the curtilage. Such authority also came from the officer’s right to position himself anywhere he chose on a public area where no reasonable expectation of privacy from his or any private citizen’s presence is recognized. No such expectation is recognized in an open apartment complex parking lot.
Even conceding there was no evi-dentiary link between the automobile and the apartment, Dunn v. State, 292 So.2d 435, 436 (Fla. 4th DCA 1974), cert. dismissed, State v. Dunn, 296 So.2d 47 (Fla.1974) the officer had sufficient probable cause to search based upon his plain view observations of the items in the automobile.
Reasonable people might disagree whether a hand-rolled cigarette and rolling papers by themselves would indicate criminal or innocent behavior to an officer. Captan v. State, 531 So.2d 88, 91 n. 1 (Fla.1988) petition for cert, filed, December 9, 1988. However, the “additional factor” of the scissors (a surgical hemostat) leads one to conclude a trained officer experienced in drug investigations would reasonably believe the rolled-cigarette contained marijuana and the scissors, a “roach clip”, were used to hold a marijuana cigarette when it was being smoked. P.L.R. v. State, 455 So.2d 363 (Fla.1984), cert. denied, 469 U.S. 1220, 105 S.Ct. 1206, 84 L.Ed.2d 349 (1985).
The total circumstances of the officer’s observations did not take place in a vacuum, they took place during a drug investigation in a society where knowledge of drug usage methods is shamefully commonplace even to the ordinary citizen.
Accordingly, we reverse and remand for further proceedings consistent herewith.
HERSEY, C.J., and DOWNEY, J., concur.