548 So.2d 843 (1989)
Miguel DIAZ, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 88-2305, 88-2378.
District Court of Appeal of Florida, Third District.
September 12, 1989.
*844 Bonnie Phillips del Corral, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Defendant Diaz appeals denial of his motion to suppress evidence seized from the trunk of his vehicle, having pled nolo contendere with an express reservation of the right to appeal on that issue. The State cross-appeals the trial court's failure to impose the mandatory $250,000 fine required by section 893.135(1)(b)3., Florida Statutes (1987). We affirm denial of the motion to suppress and reverse the failure to impose the fine.
Two detectives were on surveillance in an unmarked car in a shopping center. They observed a person, later identified as Ramirez, using three public telephones simultaneously for about fifteen minutes. Ramirez drove a blue Buick to a house in a nearby neighborhood, blew his horn and waited outside. Diaz came out and the two conversed briefly. The detectives observed Diaz and Ramirez exchange something. Ramirez walked away up the street, leaving the blue Buick where it was parked. A few moments later, a white Audi arrived, driven by Tripoli. Tripoli went into the house and emerged with Diaz. They opened the trunks of both cars and a beach bag was transferred from the Audi to the Buick. Diaz took a package from the trunk of the Buick, showed it to Tripoli, and returned it to the trunk of the Buick.
Diaz drove away in the Buick and Tripoli in the Audi. The detectives elected to follow Diaz. After a few blocks, the detectives activated their blue emergency lights in order to stop Diaz. A high speed chase ensued. Eventually, the cars returned to an area close to where the chase began. Diaz stopped the car in the middle of the street, left the engine running, and fled on foot. He was apprehended nearby within one to two minutes.
The officers returned to Diaz' car, took the keys from the ignition, and looked in the trunk. They observed tape-wrapped packages which appeared characteristic of the packaging of cocaine. They closed the trunk and obtained a search warrant. The search confirmed that the trunk contained five kilos of cocaine and a set of scales. Diaz was charged with trafficking in cocaine in violation of section 893.135, Florida Statutes (1987). Upon denial of the motion to suppress the items contained in the trunk of his car, Diaz pled nolo contendere with a reservation of the right to appeal denial of the motion to suppress. Diaz was sentenced to fifteen years imprisonment but the $250,000 fine requested by the State was not imposed.
The trial court correctly denied the motion to suppress. Preliminarily, the matters observed by the officers were enough to establish a founded suspicion to support a stop of Diaz' vehicle under the standards set forth in Kehoe v. State, 521 So.2d 1094, 1095-96 (Fla. 1988). The circumstances observed by the officers are, in our view, different from those involved in the decisions relied on by appellant, State v. Contraras, 512 So.2d 339 (Fla.3d DCA 1987); and Alberty v. State, 536 So.2d 283 (Fla. 3d DCA 1988). That issue is not dispositive here, however.
Whether or not the detectives had a founded suspicion, once the detectives had activated their blue emergency lights, Diaz was obliged to stop. His failure to do so violated section 316.1935, Florida Statutes (1987), a first degree misdemeanor. The high speed chase involved other serious traffic violations. By the time the automobile *845 and foot chase ended, the officers had probable cause to make an arrest.
The search of the trunk was reasonable under either of two theories. First, it was justified under the doctrine of exigent circumstances. The automobile had been left unattended and out of view of the detectives for a brief period. The keys were in the ignition. By happenstance, the automobile chase had concluded a short distance from where it began, which was also the general area in which Ramirez was walking. The detectives wished to verify that in their absence the package had not been removed from the trunk, either by Ramirez with a spare set of keys, or by anyone using the key that was in the ignition. The officers opened the trunk so as to verify that the package was still there, and closed it again until they received a search warrant.
Alternatively, we entirely agree with the trial judge that the defendant's flight from the vehicle, leaving it unattended and running in the middle of the street, was effectively an abandonment, thus relinquishing any reasonable expectation of privacy in the property abandoned in a public street. Brooks v. State, 524 So.2d 1102, 1103 (Fla. 3d DCA 1988); State v. Lawson, 394 So.2d 1139, 1141 (Fla. 4th DCA 1981); see 1 W. LaFave Search and Seizure § 2.5(a), at 446-447 (1987). The denial of the motion to suppress is therefore affirmed.
As to the cross-appeal, the fine imposed by section 893.135(1)(b)3. is mandatory. The sentencing order is therefore remanded with directions to impose the mandatory fine.
Order denying motion to suppress affirmed; sentencing order remanded with directions.