PER CURIAM.
The State appeals a written order granting a sworn motion to dismiss a cocaine trafficking case. We reverse.
During routine surveillance of a Kendall Drive shopping center, Metro-Dade officers saw Martha Velez make and receive calls at a pay telephone near a Publix Supermarket, while a man named Jose Martinez waited nearby. The officers were suspicious because the activities of Velez and Martinez were consistent with that of area drug dealers. See e.g., Perez v. State, 536 So.2d 359 (Fla. 3d DCA 1988); Alberty v. State, 536 So.2d 283 (Fla. 3d DCA 1988), rev. denied, 548 So.2d 663 (Fla.1989). The couple then entered a car and drove to an apartment building on S.W. 93rd Lane followed by the officers. The undercover officers also followed Velez to her apartment and were permitted entry by Velez. Martinez and a maid were present. Detective Fernandez asked if there were any weapons in the house and was shown to the master bedroom closet which contained female and male clothing. The male clothing was allegedly that of Velez’s husband who was out of town. Fernandez observed a cardboard carton on the left side of the closet shelf containing two small packages wrapped in duct tape. The officers obtained a search warrant and seized the packages which were found to contain cocaine. There is no dispute that the entry into the apartment and the bedroom was consensual.
Velez was arrested and charged with trafficking in cocaine. She filed an amended sworn motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), contending that the undisputed facts did not establish a prima facie case of guilt. The State responded with an amended traverse or demurrer denying parts of the motion to dismiss and submitting additional facts in support of the charges, including the discovery of narcotics ledgers in one of Velez’s bedroom nightstands. The State argues that the ledgers, as in State v. Duran, 550 So.2d 45 (Fla. 3d DCA 1989), are further evidence from which a jury might reasonably infer that Velez was knowledgeable of drug transactions while occupying the bedroom, exclusively.
Velez argues that the State failed in its burden to show that she (1) had dominion and control over the contraband, (2) had knowledge that the contraband was within her presence, and (3) had knowledge of the illicit nature of the substance. We agree with the State’s response that the question of knowing possession goes to the ultimate issue which is answerable by factual inferences to be drawn from the direct evidence. See State v. Duran; S.T.N. v. State, 474 So.2d 884 (Fla. 4th DCA 1985); State v. Farrugia, 419 So.2d 1118 (Fla. 1st DCA 1982). On a motion to dismiss an information, all reasonable inferences are to be resolved against the defendant. See State v. Adderly, 411 So.2d 981, 982 n. 1 (Fla. 3d DCA 1982).
As in State v. Duran, there is not such a total absence of facts from which a jury might reasonably infer knowledge and con *1253 trol of the illicit drugs, that a dismissal is warranted. Even if the State’s response to the 3.190(c)(4) motion is a demurrer rather than a traverse, as Velez contends, she is not entitled to a dismissal on the facts as presented by both sides.
Reversed and remanded for further proceedings.