561 So.2d 625 (1990)
Jessie MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-715.
District Court of Appeal of Florida, First District.
May 3, 1990.
Michael E. Allen, Public Defender, and Maria Ines Suber, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal of appellant's conviction for possession of cocaine with intent to sell. Appellant argues that the trial court erred in denying his motion to suppress evidence obtained following a traffic stop, which led to issuance of a search warrant for a motel room. After careful consideration, we affirm.
In October 1986, Tallahassee Police received a telephone call from Howard Johnson's employees who suspected drug activity at the motel. They told police that a man and woman had rented a room earlier that week and later rented another room while still renting the first one. There was considerable foot traffic in and out of the *626 rooms, dozens of long distance calls were made in a short time, and the guests paid for everything in cash, consisting mostly of one-dollar bills. Employees told police that the guests drove an Oldsmobile which turned out to be the same one police had surveilled within the past month during a different drug investigation at another Tallahassee motel. Although police were not certain, they assumed that appellant was one of the people staying at the Howard Johnson's because that car and another one police spotted had both been at the earlier motel, and appellant had listed one of them as his on the earlier motel registration. Subsequent checking at the Division of Motor Vehicles revealed that both cars were registered to women and not to appellant.
Investigation quickly established that the long distance calls were made to the same numbers called earlier that month from the other motel. Most of these calls were made to West Palm Beach. A criminal check on appellant revealed a prior West Palm Beach conviction for possession of cocaine with intent to sell.
That evening, police were surveilling the Oldsmobile at the Howard Johnson's when they saw four men enter it and leave. Officers followed the vehicle and saw it go to "French Town," where it stopped behind Crump's Tavern, an establishment known for drug trafficking. The men left the car and went into an adjacent alley which, according to officers, was known for "rampant" drug activity. A few minutes later, two of the men returned and drove back to the motel.
After ten minutes, the men in the Oldsmobile left Howard Johnson's and followed their same route to return to the alley. Police initiated a stop with their flashing blue light when the car was still two blocks away from the alley. The driver tried to drive around a police vehicle and kept moving until literally forced off the road. Appellant was driving the car, and his passenger fled and momentarily escaped. Officers following his tracks found two motel sanitary napkin bags marked "10/50," containing ten fifty-dollar crack cocaine rocks. Meanwhile, police arrested appellant and searched him, finding a key to room 228. At least one officer testified that the bags were marked as Howard Johnson's bags, and police obtained a search warrant for room 228. Upon entering the room, they discovered crack cocaine, a large amount of crack manufacturing and use paraphernalia, and more sanitary napkin bags marked "10/50."
Appellant argues that the police did not have a founded suspicion of illegal activity sufficient to justify stopping the car. He further argues that the subsequent discovery of the key and cocaine leading to the search warrant should have been suppressed.
In determining whether an officer possesses a reasonable or well-founded suspicion of criminal activity justifying an investigatory stop, "the totality of the circumstances  the whole picture  must be taken into account." Tamer v. State, 484 So.2d 583, 584 (Fla. 1986), quoting United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 695, 66 L.Ed.2d 621, 629 (1981). Even if none of the facts standing alone would give rise to a reasonable suspicion, when taken together and viewed in light of an officer's background and experience, they can provide legal cause for an investigatory stop. Tamer at 584. Furthermore:
Where reasonable men might differ as to whether the circumstances observed by an officer gave an objective foundation for his suspicion that criminal activity was afoot, certain other factors may be considered in determining whether they suggest the possible commission of a crime: the time of day, the day of the week, the location, the physical appearance of the suspect, the behavior of any vehicle involved, or anything unusual in the situation as interpreted in light of the officer's knowledge.
State v. Hoover, 520 So.2d 696, 697 (Fla. 4th DCA 1988).
At first blush, this case appears somewhat similar to Castillo v. State, 536 So.2d 1134 (Fla. 2d DCA 1988). In Castillo, a motel manager told police that the occupants of three motel rooms were acting suspiciously. One of the occupants paid *627 cash daily for all three rooms, two of which were registered to persons with local addresses. The manager was unsure whether Castillo had stayed in any of the rooms overnight, and all the occupants stayed in the rooms all day and declined maid service. The manager also believed that one of the guests might have a false Texas driver's license. Police ultimately stopped the guests' car to check the license and discovered contraband. The reviewing court held that once police determined that there was no false license, the suspicious motel activity was insufficient to justify the further detention which led to the discovery of the drugs.
The facts in the instant case go beyond those in Castillo. Thus, it is unnecessary to decide whether the instant motel activities were enough to support the stop because there are additional facts. In addition to the suspicious circumstances surrounding the motel room, police observed the suspects drive to a known drug area and stop near a bar and an alley which were well known for trafficking. Police observed the men go into the alley and then saw two of them return to the motel. The men remained only briefly and were in the process of returning to the alley when they were stopped. These activities occurred at nighttime, and when officers first attempted to pull him over, appellant kept driving until he was forced to the side of the road.
We conclude that the officers' observations of suspicious activity in French Town, coupled with their prior knowledge[1] and observation of events occurring at the motel, provided founded suspicion for the stop. Because appellant's failure to stop after officers activated their blue emergency lights violated Section 316.1935, Florida Statutes, officers had probable cause to arrest appellant for committing a first-degree misdemeanor in their presence. Diaz v. State, 548 So.2d 843 (Fla. 3d DCA 1989). The subsequent search of appellant was valid as incident to a lawful arrest, and produced the motel key. The cocaine found in the sanitary napkin bags was abandoned by appellant's passenger. The combination of the key, cocaine, and the previously-observed circumstances provided probable cause for the issuance of a search warrant for the motel room.
AFFIRMED.
WENTWORTH, J., concurs.
ERVIN, J., dissents with written opinion.
ERVIN, Judge, dissenting.
I respectfully dissent. Although I am cognizant of the rule that determinations of a trial court in considering motions to suppress come to an appellate court clothed with a presumption of correctness, nevertheless, if the trial judge misapplies the law to the facts, as is the case here, reversal is required. See State v. Pye, 551 So.2d 1237, 1239 (Fla. 1st DCA 1989).
In order to stop an automobile and request identification from its occupants, it is of course not necessary for the police to have probable cause. It is required, however, that the officer have a well-founded or reasonable suspicion that the occupants of the vehicle have committed, are committing, or are about to commit a crime. A mere or bare suspicion will not suffice. Sumlin v. State, 433 So.2d 1303, 1304 (Fla. 2d DCA 1983). In determining whether an officer possesses a reasonable or well-founded suspicion of criminal activity so as to justify an investigatory stop, the totality of the circumstances must be taken into account. Pye, 551 So.2d at 1238.
In the instant case, the totality of the circumstances gives rise merely to a bare suspicion or hunch of criminal activity and does not, therefore, amount to a well-founded or reasonable suspicion which would have justified the stop. See R.E. v. State, 536 So.2d 1125 (Fla. 1st DCA 1988) *628 (citizen's claim of suspicious activity had minimal objective basis and, except for innocent details of identification of vehicle, was uncorroborated by law enforcement's subsequent observations and, as such, did not create or support a suspicion that crime was afoot, thereby justifying the stop); and Castillo v. State, 536 So.2d 1134 (Fla. 2d DCA 1988) (activities of defendant and other occupants of three motel rooms, as reported by motel desk clerk and observed by police, did not provide justification for detention of automobile).
I would, therefore, reverse the trial judge's order denying appellant's motion to suppress.
NOTES
[1] In reaching this conclusion, we do not rely on the information that appellant had a previous conviction for a drug offense. Although this has been held a valid factor supporting an investigatory stop, State v. Hewitt, 495 So.2d 809 (Fla. 1st DCA 1986), review denied, 504 So.2d 768 (Fla. 1987), police only assumed, but did not know, appellant was in the car until after they pulled him over.