PER CURIAM.
Appellant, Brian Rigol, appeals his conviction for burglary, grand theft, and violation of probation. We affirm.
Appellant contends that the trial court erred in denying his motion to suppress a warrantless search of an apartment he shared with another person, the co-defendant in this case. Appellee, State, asserts that the search of the apartment was conducted after obtaining consent from the other resident of the apartment, the co-defendant. The trial court specifically found that the consent given by appellant’s co-defendant was knowing and voluntary and therefore denied the motion to suppress.
At a hearing on the motion to suppress, the police officers testified that the co-defendant had given them a valid consent to search. The police officers further testified about the circumstances surrounding the consent to search. There was no evidence presented to contradict the police officer’s testimony.
Co-occupants may consent to a search of their premises. United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). The issue of voluntariness, in a consent to search, is a question of fact to be determined from all the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Voluntariness of the consent to search must be established by a preponderance of the evidence, under ordinary circumstances. Denehy v. State, 400 So.2d 1216 (Fla.1980). The trial court’s findings on a motion to suppress comes to the appellate court with a presumption of correctness, and a reviewing court should not substitute its judgment for that of the trial court. Perez v. State, 536 So.2d 359 (Fla. 3d DCA 1988).
A review of the record reveals ample support for the trial court’s finding that the consent here, when viewed under the totality of the circumstances, was freely and voluntarily given. Accordingly, we affirm.
Affirmed.