563 So.2d 203 (1990)
CITY OF MIAMI, Appellant,
v.
Bobby BARCLAY, Appellee.
No. 89-2739.
District Court of Appeal of Florida, Third District.
June 26, 1990.
*204 Jorge L. Fernandez, City Atty., and Beverly A. Linton and Kathryn S. Pecko, Asst. City Attys., for appellant.
Bobby Barclay, in pro. per.
Before NESBITT, LEVY and GODERICH, JJ.
NESBITT, Judge.
The City of Miami seeks reversal of an order requiring the return of personal property seized pursuant to the Florida Contraband Forfeiture Act (§§ 932.701-932.704, Fla. Stat. (1989)).
On September 22, 1989, subsequent to a police chase in which appellee was driving his 1984 Jeep Cherokee, appellee was arrested for armed robbery and driving with a suspended license. Shortly thereafter, the state abandoned appellee's prosecution and declared a "no action." Appellee immediately moved for the return of his jeep claiming that, in light of the state's decision not to file formal charges, the jeep was not contraband within the meaning of the forfeiture statute. Based on section 932.703(1), Florida Statutes (1989), the city argued against appellee's motion. The trial court ruled in appellee's favor and ordered the jeep returned.
A "contraband article," under Florida's Contraband Forfeiture Act, includes "any personal property including, but not limited to, any ... weapon ... [or] vehicle of any kind ... which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting the commission of, any felony." § 932.701(2)(e), Fla. Stat. (1989). Section 932.703(1), Florida Statutes (1989) clearly provides that "Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated within 90 days after the date of seizure." See Lamar v. Universal Supply Co., 479 So.2d 109 (Fla. 1985); see also City of Pompano Beach v. General Mobile Home Brokers, Inc., 493 So.2d 97 (Fla. 4th DCA 1986).
The state contends and the officers' arrest report substantiates that the officers in the instant case had probable cause to stop and arrest the defendant and seize the jeep. See Gillum v. One 1978 Kenworth Semi-Truck Tractor, VIN 260963J, FLA License BTZ 516R, 543 So.2d 462 (Fla. 2d DCA 1989); see also Diaz v. State, 548 So.2d 843 (Fla. 3d DCA 1989). Forfeiture proceedings were initiated on December 15, 1989, within the ninety-day period. The forfeiture process is civil in nature, and neither conviction nor acquittal in the companion criminal case is determinative of the forfeiture proceeding. In re Alcoholic Beverages Seized from Saul's Elk Club on June 30, 1982, 440 So.2d 65 (Fla. 1st DCA 1983). Further, a defendant is not entitled to have his vehicle returned during the pendency of the forfeiture proceeding. McLane v. Youngblood, 544 So.2d 1179 (Fla. 2d DCA 1989) citing Pompano Beach v. General Mobile Home Brokers, Inc., 493 So.2d at 97. Therefore, because only seventeen days had passed when defendant moved to have his jeep returned, his action was premature.
*205 Accordingly, we reverse the order entered by the lower court requiring that the city return the jeep to the defendant.