568 So.2d 1302 (1990)
CITY OF CORAL GABLES, Appellant,
v.
Luis RODRIGUEZ, Appellee.
No. 90-1368.
District Court of Appeal of Florida, Third District.
October 16, 1990.
As Corrected November 13, 1990.
*1303 Parenti & Falk and Norman M. Waas, Miami, for appellant.
Luis Rodriguez, in pro. per.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.

CORRECTED OPINION
BASKIN, Judge.
The City of Coral Gables appeals an order returning personal property during the pendency of forfeiture proceedings. We reverse.
Luis Rodriguez was arrested for burglary, grand theft and possession of burglary tools. His van was impounded as a result of the arrest. On May 8, 1990, the City of Coral Gables commenced a forfeiture action against the van. After the case against Rodriguez, was "no actioned", he requested the trial court to order the return of the vehicle. The trial court granted the motion, and on May 9, 1990, entered an order requiring that the van be returned.
The Florida Contraband Forfeiture Act, sections 932.701-932.704, Florida Statutes, provides for the seizure of any vessel, vehicle, or personal property used to transport, carry, convey or conceal any contraband article. "All rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 [sic] shall immediately vest in the state upon seizure by a law enforcement agency." § 932.703(1), Fla. Stat. (1989). Section 932.703(1), Florida Statutes (1989), provides that no action for "replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated within 90 days after the date of seizure."
The City's forfeiture proceeding was pending at the time the court ordered the return of the property. "[A] defendant is not entitled to have his vehicle returned during the pendency of the forfeiture proceeding." City of Miami v. Barclay, 563 So.2d 203, 204 (Fla. 3d DCA 1990); McLane v. Youngblood, 544 So.2d 1179 (Fla. 2d DCA 1989); see Lamar v. Universal Supply Co., 479 So.2d 109 (Fla. 1985); City of Pompano Beach v. General Mobile Home Brokers, 493 So.2d 97 (Fla. 4th DCA 1986). Consequently, Rodriguez's motion and the court's disposition of the motion were premature. Barclay. We therefore reverse the order returning the property to Rodriguez.
Reversed.