PER CURIAM.
The State of Florida appeals an order granting defendant’s motion to suppress evidence. We reverse.
Officer Chavez observed defendant Jacobs sitting on the sidewalk and drinking beer. Chavez approached Jacobs and asked him for identification. When defendant Jacobs reached in his pocket for identification, a piece of rock cocaine fell out. Chavez arrested Jacobs, who was charged with possession of cocaine and possession of drug paraphernalia. The trial court granted defendant’s motion to suppress the evidence predicated on an unlawful stop. The state appeals.
The police officer’s uncontroverted testimony established that he approached Jacobs and requested identification because Jacobs was drinking beer on public streets in violation of a municipal ordinance. City of Miami, Fla., Code § 37-17(II) (1989). Section 901.151(2), Florida Statutes (1989), authorizes the officer to detain the violator and request identification. The rock cocaine fell in plain view when the defendant reached in his pocket for the identification. Harris v. U.S., 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); Albo v. State, 379 So.2d 648 (Fla.1980); Harper v. State, 532 So.2d 1091 (Fla. 3d DCA 1988), review denied, 541 So.2d 1172 (Fla.1989). Accordingly, the trial court erred in suppressing the evidence.
Reversed and remanded.