580 So.2d 317 (1991)
The STATE of Florida, Appellant,
v.
Brenda Lee WARSHAN and James Ehler, Appellees.
No. 90-2041.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, for appellees.
Before SCHWARTZ, C.J., and NESBITT and COPE, JJ.
PER CURIAM.
The State appeals an order granting a motion to suppress. We reverse.
While on patrol at 5 a.m., the arresting officer, Sergeant Catala, saw defendants James Ehler and Brenda Warshan sitting in a pickup truck parked in a lot outside a closed bar. From a distance of about fifteen yards away and while Catala was driving by, he saw Ehler put his hand up to his nose, put his head down and then back. He thought Ehler was inhaling cocaine, so he turned and pulled up about twenty feet in front of the truck. As the uniformed officer walked up to the truck, he saw Ehler make a motion down between his legs, as if trying to conceal something. Catala stated that he was a police officer and defendants were not free to leave; he shined his flashlight into the truck. He noticed some powdery white residue on Ehler's pants and on the floor at his feet. He asked the two to get out of the truck and as Ehler stepped out, a wallet fell from between his legs to the floor. A manila envelope also fell out of the wallet onto the ground. The officer looked into the envelope and saw a Ziploc baggie which contained a white powdery substance. A credit *318 card in the wallet also had on it a similar powdery substance. The officer field tested the contents of the baggie and residue on the floor and the results were positive for cocaine. The officer arrested both defendants for possession of cocaine and Warshan for possession of paraphernalia (a pipe discovered in a search incident to arrest).
Defendants moved to suppress the evidence seized, arguing that there had been an illegal seizure of the person of defendants. The trial court granted the motion and the State has appealed.
We conclude that the officer had a founded suspicion to make an investigatory stop pursuant to section 901.151, Florida Statutes (1989). Based on the officer's observation, training, and experience, it appeared that defendant Ehler was inhaling cocaine. That observation provided the officer with a founded suspicion under the Stop and Frisk Law, which allowed the officer to effect a temporary detention for investigation. Id. § 901.151(2)-(3); see Kehoe v. State, 521 So.2d 1094, 1095-96 (Fla. 1988); Diaz v. State, 548 So.2d 843, 844 (Fla. 3d DCA 1989); L.S. v. State, 547 So.2d 1032 (Fla. 3d DCA 1989). Thereafter, the officer's further observations provided probable cause for the arrest of defendants. See State v. Hall, 376 So.2d 276, 278-79 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 637 (Fla. 1980); State v. Roker, 290 So.2d 525, 526 (Fla. 3d DCA 1974); see also § 901.151(4), Fla. Stat. (1989).
The order under review is reversed and the cause remanded for further proceedings consistent herewith.