PER CURIAM.
The City of Coral Gables [the City] appeals the trial court’s order requiring it to return personal property seized pursuant to the Florida Contraband Forfeiture Act (§§ 932.701-932.704, Fla.Stat. (1989)).
On September 27, 1990, Thomas Valdes’ 1987 Jeep Wrangler was seized pursuant to the Florida Contraband Forfeiture Act.[1] Valdes moved to have his jeep returned and on October 16, 1990, the trial court ordered the Coral Gables Police Department to return the jeep to Valdes. Eventually, on November 20, 1990, the City initiated forfeiture proceedings.
As the City correctly contends, pursuant to section 932.703(1), Florida Statute (1989), the trial court lacked jurisdiction to order that the jeep be returned to Valdes. Section 932.703(1), Florida Statute (1989), provides in pertinent part:
All rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interest in accordance with this act. Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated within 90 days after the date of seizure.
Section 932.703(1), Fla.Stat. (1989). See also Lamar v. Universal Supply Co., Inc., 479 So.2d 109 (Fla.1985); City of Coral Gables v. Rodriguez, 568 So.2d 1302 (Fla. 3d DCA 1990); City of Miami v. Barclay, 563 So.2d 203 (Fla. 3d DCA 1990). Since *149 Valdes moved to have his jeep returned within ninety days from the date the jeep was seized, the trial court lacked jurisdiction to order that the jeep be returned.
Accordingly, we reverse the trial court’s order requiring that the jeep be returned to Valdes.

. Valdes was arrested for loitering and prowling, petty theft and burglary.