PER CURIAM.
This is an appeal from the denial of a motion to suppress and a judgment and sentence. We reverse and remand.
Appellant was asleep in his car, which was lawfully parked along a road near a bridge about 10:00 or 11:00 p.m. Officer Touchberry, having been with the Yero Beach Police Department for a year and a half, noticed the car and thought it was fire-gutted. When he approached the car, he realized that it was not, but rather tape around the rear window gave it that appearance. He was curious about the car being parked there, so he approached the car, saw appellant asleep across the two front bucket seats and woke him up.
Appellant sat up at the officer’s request and began to look for his wallet to produce identification, again at the officer’s request. The officer saw in appellant’s front left t-shirt pocket a package of Winston cigarettes and a pack of Zig-Zag rolling papers. The officer’s experience was that such papers were used more commonly for marijuana than regular tobacco. The car did not smell of marijuana.
*814 The officer asked appellant to empty the contents of his pocket on the hood of the car. Appellant reached into his pocket and fumbled and then pulled out what the officer thought appeared to be a marijuana cigarette. Appellant put the cigarette into his mouth and the officer attempted to retrieve it. The officer grabbed appellant’s neck with his hands. Appellant swallowed the cigarette.
Appellant was charged by information with tampering with evidence, resisting an officer without violence and possession of drug paraphernalia. The state nolle prossed the resisting count. Appellant moved to suppress the evidence as resulting from an unlawful search/seizure, which motion the trial court denied after a hearing. A jury found appellant not guilty of possession of drug paraphernalia and guilty of tampering with evidence as charged. He was adjudicated guilty and sentenced to twenty-two months incarceration. His appeal of the order denying his motion to suppress and his appeal of his judgment and sentence were consolidated by this court.
Appellant argues that seeing rolling papers in a shirt pocket, without more, is an insufficient basis upon which to conduct a search. We agree. Nothing in the circumstances of appellant sleeping in his legally parked car suggested any illegal activity was taking place. Legally parked cars do not give police officers a basis for detaining or searching persons therein. See Griggs v. State, 565 So.2d 361 (Fla. 1st DCA 1990); Spence v. State, 525 So.2d 442 (Fla. 5th DCA 1988); McCloud v. State, 491 So.2d 1164 (Fla. 2d DCA 1986); Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977). Cf. State v. Warshan, 580 So.2d 317 (Fla. 3d DCA 1991); State v. Jacobs, 574 So.2d 277 (Fla. 3d DCA 1991); State v. Milmoe, 541 So.2d 718 (Fla. 4th DCA 1989).
GLICKSTEIN, C.J., ANSTEAD, J., and WALDEN, JAMES H., Senior Judge, concur.