GOSHORN, Chief Judge.
The question presented by this appeal is whether a final judgment in a civil forfeiture action[1] may be set aside in a separate criminal prosecution pursuant to a plea agreement entered into after the timely filing of the forfeiture action. The answer is no and we reverse.
William Kosmalski was arrested within the city limits of Ormond Beach, Florida and the 1985 Buick he was driving was impounded. On April 2, 1990, he pled nolo contendere to carrying a concealed firearm in his Buick and unlawful possession of a controlled substance. As a part of the plea agreement, the State Attorney asserted that the State had no objection to the return of the Buick to Kosmalski and would not seek its forfeiture. Apparently unbe *36 knownst to the State Attorney (but not Kosmalski), the City of Ormond Beach had filed a petition for rule to show cause seeking forfeiture of the Buick on March 1, 1990, one month prior to the plea agreement. Following the civil forfeiture trial, a final judgment of forfeiture was entered. The record fails to indicate if Kosmalski appealed the final judgment, however, at oral argument he conceded that he did not.
Subsequently, on October 1, 1990 Kos-malski motioned to withdraw his plea to the criminal charges on the ground that the State violated the terms of the plea agreement by allowing his Buick to be forfeited to the City of Ormond Beach. On January 3, 1991 Kosmalski filed another motion entitled “Motion for Specific Performance or in the Alternative for the Withdrawal of a Plea” seeking either the return of the Buick or permission to withdraw his plea. The trial judge in the criminal proceeding heard the motion and ruled that the Buick should be immediately returned to Kosmal-ski. This appeal by the City of Ormond Beach followed.
Section 932.703(1), Florida Statutes (1989) governs the procedure for civil forfeiture actions and provides in pertinent part:
Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act, however, such action may be maintained if forfeiture proceedings are not initiated within 90 days after the date of seizure.
Here it is uncontroverted that forfeiture proceedings were inaugurated against Kos-malski within 90 days of his arrest and the concomitant seizure of the Buick. Kosmal-ski participated in the forfeiture action and a final judgment was rendered and not appealed. The City argues that Kosmalski was thus barred from attacking the judgment of forfeiture in his collateral criminal proceeding.
The Third District in City of Coral Gables v. Valdes, 582 So.2d 148 (Fla. 3d DCA 1991) ruled that a criminal court has no jurisdiction to order the return of a vehicle during the 90 day window period section 932.701(1) provides for the initiation of civil forfeiture actions. In City of Miami v. Barclay, 563 So.2d 203 (Fla. 3d DCA 1990) the court ordered the reversal of an order directing the return of a vehicle to its owner because a forfeiture proceeding had been timely filed by the City of Coral Gables and was pending at the time the criminal court ordered the vehicle’s return. See also Coral Gables v. Rodriguez, 568 So.2d 1302 (Fla. 3d DCA 1990). In City of Pompano Beach v. General Mobile Home Brokers, Inc., 493 So.2d 97, 98 (Fla. 4th DCA 1986), an order granting replevin of the defendant’s boat was reversed because “[sjection 932.703(1), Florida Statutes (1983), precludes maintenance of a replevin action during the forfeiture action.”
Admittedly, the City of Ormond Beach failed to advise the State Attorney of its forfeiture action. Nonetheless, the criminal trial judge never obtained jurisdiction over the Buick. Valdes, supra. The proper remedy for addressing the confusion wrought by the civil forfeiture and the criminal plea agreement is to allow Kos-malski to withdraw his plea, even though the confusion and misunderstanding concerning the forfeiture action is directly attributable to Kosmalski himself. Johnson v. State, 547 So.2d 238 (Fla. 1st DCA 1989).
REVERSED and REMANDED with instructions to allow the appellant to withdraw his plea.
DAUKSCH and W. SHARP, JJ., concur.

. § 932.703, Fla.Stat. (1989).