553 So.2d 1366 (1989)
STATE of Florida, Appellant,
v.
Stephen CARMODY, Appellee.
No. 88-2150.
District Court of Appeal of Florida, Fifth District.
December 21, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellant.
No appearance for appellee.
SHARP, Chief Judge.
The state appeals from the trial court's order suppressing evidence seized from appellee, Carmody, following a warrantless arrest by a police officer for a traffic violation. *1367 The officer arrested Carmody for transferring a Pennsylvania license plate to a vehicle illegally, a misdemeanor in the second degree,[1] but he did not personally see Carmody transfer the tag. Relying on Phillips v. State, 531 So.2d 1044 (Fla. 4th DCA 1988), the trial court suppressed evidence linking Carmody to various recent bank robberies, obtained as a result of the arrest. We reverse because in this case the police officer had a valid basis to make an arrest on other grounds.
The facts were not in material dispute. Deputy Kusek saw Carmody's vehicle run a stop sign. He stopped the car and sought to check Carmody's driver's license and vehicle registration. Carmody could not produce either one. Kusek determined that the vehicle had a Pennsylvania tag which did not belong to the vehicle. Carmody explained he had just picked the car up at an auto auction, but the dates did not jibe with the license tag.
Kusek ran a license check on Carmody and found he had a license issued in the name of Baker. Upon request, Carmody was unable to produce any document on his person or in the car to establish his identity. Having observed a wallet in Carmody's pocket, Kusek suggested that Carmody look through it to see if he did not have some form of identification.
Carmody flipped through the wallet, saying he had nothing. He then handed the wallet to Kusek, and told him to look for himself. In so doing, Kusek saw a folded piece of paper which contained a hand written note. It said: "Remain calm. Put all your money in the envelopes. No tricks. No red dye."
After seeing the note, Kusek suspected he was dealing with a robbery suspect. He arrested Carmody for the license plate offense and seized the note. He also contacted a robbery detective who knew of various recent bank robberies in the Orlando area in which the robber had used similar notes. Kusek took Carmody to police headquarters where he was subsequently identified as the person who had written the other notes used in the bank robberies. This case involves Carmody's prosecution for those robberies.
We agree that Carmody's arrest for the license tag offense was invalid because the police officer did not observe Carmody doing the act forbidden by the statute (illegal attachment), and he did not have a warrant. Phillips. However, Kusek did personally observe Carmody run a stop sign, and he witnessed Carmody's failure to produce a valid driver's license. Both are offenses[2] for which a law enforcement officer is authorized to make a warrantless arrest, when the offense is committed in the officer's presence.[3]
That Kusek did not arrest Carmody for either valid reason, but instead arrested him on an unsupportable one, does not affect the validity of the arrest. Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981). See also, State v. Blanco, 513 So.2d 739 (Fla. 3d DCA 1987); Gasset v. State, 490 So.2d 97, 98 (Fla. 3d DCA), rev. denied, 500 So.2d 544 (Fla. 1986); State v. Irvin, 483 So.2d 461, 462 (Fla. 5th DCA), rev. denied, 491 So.2d 279 (Fla. 1986); McCarter v. State, 463 So.2d 546, 549 (Fla. 5th DCA), rev. denied, 472 So.2d 1181 (Fla. 1985). Phillips is factually distinguishable because Phillips apparently did not commit other acts for which a valid arrest could have been made without a warrant. Since we find a valid arrest occurred, although not for the offense stated, the evidence seized is admissible and the motion to suppress should have been denied.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.
NOTES
[1] § 320.261, Fla. Stat. (1987).
[2] §§ 316.123(2)(a), 322.15(1), Fla. Stat. (1987).
[3] 901.15(1) and (5), Fla. Stat. (1987).