# STATE OF FLORIDA v DYSON
## Case No. 89-227 AC
Eleventh Judicial Circuit, Dade County
May 10, 1990

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Angelica D. Zayas,** Assistant Attorney General, for appellant.

**Bennett H. Brummer,** Public Defender and **Rosa C. Figarola,** Assistant Public Defender, for appellee.

Before NADLER, SALMON, KORNBLUM, JJ.

### OPINION OF THE COURT

Kornblum, J.

The State seeks reversal of an order of the trial court suppressing evidence.

We reverse and remand for further proceedings consistent with this opinion.

Officer Mitchell, on routine patrol, learned that the tag on the Defendant's vehicle, which he was randomly following in traffic, was not registered to that vehicle.

Upon the information obtained by the officer, he stopped the Defendant and asked him to produce a driver's license. The Defendant produced a license which the officer then learned was suspended.

The trial court suppressed the evidence of the improper tag and suspended license apparently on authority of *Phillips v State,* 531 So.2d 1044 (Fla. 4th DCA 1988).

This case is distinguished from *Phillips* (supra) in that:

1. There was no contention or evidence here that the stop was pretextual.

2. The Defendant was not arrested and there was no search.

The stop by the Officer was justified. Upon Defendant's failing to produce a valid driver's license, he was given traffic citations for "attaching a tag not assigned" and "driving while license suspended or revoked" requiring him to appear in court on February 14, 1989.

REVERSED AND REMANDED.

NADLER and SALMON, JJ., concur.