677 So.2d 1307 (1996)
INDIALANTIC POLICE DEPARTMENT, Appellant,
v.
Gregory ZIMMERMAN, Appellee.
No. 95-1526.
District Court of Appeal of Florida, Fifth District.
July 26, 1996.
Rehearing Denied July 29, 1996.
*1308 Norman R. Wolfinger, State Attorney, and Philip Archer, Assistant State Attorney, Titusville, for Appellant.
No Appearance for Appellee.

ON MOTION FOR CLARIFICATION AND/OR REHEARING
W. SHARP, Judge.
We grant Appellant's motion for clarification and revise our opinion as follows:
The Indialantic Police Department appeals from an order rendered after an adversarial hearing in a post-seizure of property forfeiture case involving a 1988 pickup truck, which determined there was no probable cause to believe the truck was used in violation of the Florida Contraband Forfeiture Act,[1] and that the truck should be returned to Zimmerman, its owner. The basis for the trial judge's ruling was that Zimmerman's Fourth Amendment rights had been violated by a traffic stop of the truck. The stop ultimately led to the discovery of almost one pound of marijuana, which had been located in a knapsack resting on the front seat of the truck next to Zimmerman while he was driving alone on a public highway. We reverse.
Only Officer Baker of the Indialantic Police Department testified at the probable cause hearing. He stopped Zimmerman's truck on December 5, 1994, after observing it had a tag light out. After stopping the truck, he asked to see Zimmerman's license and registration. When the registration furnished turned out to be for the wrong vehicle, Baker testified that Zimmerman was not free to leave. Zimmerman explained he had just purchased the truck at an auction.
Before formally arresting Zimmerman, Baker asked his permission to search the truck. Zimmerman consented. Baker found the knapsack on the bench seat next to the driver's position. He testified he could smell the odor of marijuana coming from the knapsack. Zimmerman told him the knapsack did not belong to him and that someone unknown to him must have left it there. After the contraband was found, Baker arrested Zimmerman, and his truck was seized and held for the filing of a forfeiture action pursuant to the Florida Contraband Forfeiture Act, sections 932.701-704.
Zimmerman requested an adversarial post-seizure hearing to determine whether probable cause existed to believe the truck was used in violation of the Act. At the hearing, Indialantic placed in evidence Baker's affidavit and presented Baker's testimony to establish probable cause. Zimmerman presented no testimony or evidence. His sole argument at the forfeiture hearing was that there *1309 had been an unlawful stop of the truck and therefore any ensuing search of the vehicle violated his Fourth Amendment rights.
Indialantic argued at the hearing and on appeal, that the trial court should not have considered Fourth Amendment issues at that stage of the proceedings. At the post-seizure hearing, a court is limited to determining only whether there is probable cause to determine the seized property was used in violation of the Act. In this case, it was undisputed that the contraband was being transported in the truck.
However, the validity of the stop and search are inextricably bound up with the probable cause determination required by the Act. If no probable cause exists to stop a vehicle, or search it, which leads to discovery of the contraband, then that seized evidence should not be considered, and cannot form the basis for the probable cause determination required by the Act. Indeed, Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991) does not limit so narrowly the issues which a trial court must consider in an adversarial preliminary hearing in a forfeiture case. The Real Property court required:
After the ex parte seizure of personal property, the state must immediately notify all interested parties that ... they have a right to request a post-seizure adversarial preliminary hearing. If requested, the preliminary hearing shall be held as soon as is reasonably possible to make a de novo determination as to whether probable cause exists to maintain the forfeiture action.
Id. at 965.
In this case, the testimony proffered by the state to establish probable cause to determine the vehicle was being used in violation of the Act, by its nature, raised Fourth Amendment issues. Clearly, Zimmerman had a right to cross-examine Baker on this issue. Argersinger v. Hamlin, 407 U.S. 25, 27-28, 92 S.Ct. 2006, 2008, 32 L.Ed.2d 530 (1972). Once the Fourth Amendment issue arose, the trial court has a duty to make a determination of those issues whether they were expressly raised in the pleadings.[2]
Although we agree that the trial court properly heard and should have dealt with the Fourth Amendment issues at the preliminary hearing in this case, we disagree with its conclusion that there was no probable cause to search the truck. A missing tag light is a proper basis for a stop. Andrews v. State, 540 So.2d 210 (Fla. 4th DCA 1989); §§ 316.217, 316.221, Fla. Stat. (1993); Whren and Brown v. United States, ___ U.S. ___, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). When Officer Baker was given an improper registration for the vehicle, he had grounds to detain and arrest Zimmerman. § 320.261, Fla. Stat. (1993). See generally, State v. Carmody, 553 So.2d 1366 (Fla. 5th DCA 1989); Phillips v. State, 531 So.2d 1044 (Fla. 4th DCA 1988). He also requested and obtained permission to search the truck. The odor of marijuana coming from the knapsack would have permitted him to discover the contraband inside the knapsack. See Rogers v. State, 586 So.2d 1148, 1152 (Fla. 2d DCA 1991); State v. Wells, 516 So.2d 74 (Fla. 5th DCA 1987); State v. Reeves, 488 So.2d 670 (Fla. 4th DCA 1986). Thus, it was proper for the trial court to consider the presence of the contraband in the truck, and the truck's role in transporting it, in making a probable cause finding required by section 932.701(2)(f).
REVERSED AND REMANDED.
PETERSON, C.J., and GRIFFIN, J., concur.
NOTES
[1] § 932.701, et seq., Fla. Stat. (1993).
[2] Compare Department of Highway Safety and Motor Vehicles v. Killen, 667 So.2d 433 (Fla. 4th DCA 1996).