695 So.2d 1263 (1997)
Ricardo ALVAREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02731.
District Court of Appeal of Florida, Second District.
May 30, 1997.
Rehearing Denied July 2, 1997.
James Marion Moorman, Public Defender, and Amy Porinchak Thornhill, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
ROSMAN, Jay B., Associate Judge.
Ricardo Alvarez challenges his final judgment and sentences for possession of cocaine, possession of less than twenty grams of cocaine and possession of drug paraphernalia, contending that the trial court erred in its denial of his motion to suppress evidence. Because we agree that the officers illegally stopped him, we reverse.
The officers observed the appellant seated in the driver's seat in a legally parked car adjacent to an apartment complex at 4:00 a.m. He was leaned over in his seat, and when the officers approached, he adjusted his seat and cooperated with them. The officers discovered no problems with the appellant's identification or his vehicle's license. There had been no reports of burglaries or thefts in the area that night and no reports of other criminal activity. The officers suspected that he may have been attempting to commit a crime, but they lacked a factual basis for their conclusion. Because of their general suspicion and the appellant's baggy clothes, the officers asked the appellant to exit the car. As he did so, they observed a glass cocaine pipe on the floorboard. A subsequent search produced additional contraband.
We conclude that the officers lacked a reasonable suspicion to believe he was committing or had committed a crime. § 901.151(2), Fla. Stat. (1995). Certainly, they were justified in making a brief detention to investigate the situation. However, no further circumstances arose as a consequence of the limited detention to bolster *1264 their mere suspicion that criminal activity was afoot. Thus, when the officers asked the appellant to exit his car, he was seized. Popple v. State, 626 So.2d 185 (Fla.1993). The officer's request that Alvarez exit his car "constituted a show of authority which restrained [his] freedom of movement because a reasonable person under the circumstances would believe that he should comply. See Dees v. State, 564 So.2d 1166 (Fla. 1st DCA 1990)." 626 So.2d at 188. Legally parked cars do not give police officers a basis for detaining or searching persons therein. Sites v. State, 582 So.2d 813 (Fla. 4th DCA 1991). Moreover, because the appellant was illegally detained, the officers were not entitled to be in the place where they observed the pipe. G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985). Accordingly, we reverse the trial court's denial of the motion to suppress.
Reversed and remanded for further proceedings.
DANAHY, A.C.J., and WHATLEY, J., concur.