703 So.2d 1162 (1997)
Bernard ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04970.
District Court of Appeal of Florida, Second District.
December 10, 1997.
Julee L. Milham, St. Petersburg Beach, for Appellant.
Bernie McCabe, State Attorney, and C. Marie King, Assistant State Attorney, Clearwater, for Appellee.
NORTHCUTT, Judge.
Bernard Allen pleaded no contest to a charge of possession of drug paraphernalia, while reserving his right to appeal the denial of his dispositive motion to suppress the physical evidence against him. We agree with Allen's assertion that the evidence was the fruit of his unlawful detention by the arresting officers. Therefore, we reverse the circuit court's denial of Allen's motion to suppress.
St. Petersburg Police Officer Byron Merlin was searching for an individual at a motel, when the motel manager asked him to investigate some people on the other side of the building. The manager provided no information concerning any unlawful activity. When Officer Merlin drove around the building he observed some pedestrians, and he saw Allen and a passenger sitting in a car. Officer Merlin parked his patrol unit and walked over to Allen's vehicle. He saw Allen and the passenger changing shoes, but he observed no illegal activity. He approached Allen's car, requested identification, and asked the passenger to roll down his window. The officer then asked or ordered Allen and the passenger to get out of the car. As Allen exited the vehicle, he placed a baggie on the passenger-side floorboard. After backup officers arrived, another officer asked Allen for consent to search the vehicle. At the suppression hearing before the circuit court, Allen and the officers disagreed as to whether Allen consented. The officer did not shout or brandish his weapon at Allen, but Allen testified that he felt intimidated and thought that his leaving would be prohibited. In any event, the officers entered the car and retrieved the baggie.
A presumptive test indicated the presence of cocaine in the baggie. The officers arrested Allen and his passenger and placed them in the rear of a patrol unit. Although later tests disclosed that, in fact, there was no cocaine in the baggie, a search of the police cruiser in which Allen and his passenger had been held produced a glass vial with trace amounts of cocaine.
Officer Merlin was within his authority to approach Allen and his passenger *1163 and to ask for their identification. But that encounter became an investigatory stop when the officer directed the men to get out of the car. See Popple v. State, 626 So.2d 185 (Fla.1993). Whether the direction to exit the vehicle was in the form of a request or an order, it constituted a show of authority which restrained Allen's freedom of movement because a reasonable person under the circumstances would believe that he should comply. To justify such a stop under the Fourth Amendment, the officer must have a well-founded, articulable suspicion that the person has committed, is committing, or is about to commit a crime. A mere or bare suspicion is not sufficient. Popple, 626 So.2d at 186.
Officer Merlin did not have the well-founded suspicion of criminal activity necessary to justify his investigatory stop of Allen and his passenger. Therefore, the detention of the men was unlawful. Allen's motion to suppress the evidence obtained as a result of that detention should have been granted. Popple, 626 So.2d at 188. See also, Zelinski v. State, 695 So.2d 834 (Fla. 2d DCA 1997); Alvarez v. State, 695 So.2d 1263 (Fla. 2d DCA 1997).
We reverse and remand with directions to discharge Allen.
PARKER, C.J., and FULMER, J., concur.