739 So.2d 659 (1999)
Jesse J. GOLON, Appellant,
v.
Ken JENNE, Sheriff of Broward County, Florida, Appellee.
No. 98-1431.
District Court of Appeal of Florida, Fourth District.
August 18, 1999.
*660 Kevin J. Kulik, Fort Lauderdale, for appellant.
Patricia Windowmaker, Fort Lauderdale, for appellee.
STEVENSON, J.
Appellant, Jesse Golon, appeals the non-final order of the lower court finding probable cause for the Sheriff of Broward County to seize Golon's property under the Florida Contraband Forfeiture Act, sections 932.701-.707, Florida Statutes. Because the trial court refused to consider alleged Fourth Amendment violations at the adversarial preliminary hearing, we reverse.
At the adversarial preliminary hearing to determine whether there was probable cause to proceed with forfeiture of Golon's truck, a video camera, and $30,974.45 in cash, the deputy sheriff who arrested Golon testified about the events leading up to the arrest, the search of Golon's home, and the seizure of Golon's property. Throughout the officer's testimony, Golon's attorney objected and attempted to raise the issue of an illegal search and seizure. At the conclusion of the officer's testimony, Golon's counsel argued that all of the evidence and Golon's statements to the officer should be suppressed and that without that evidence, there was no probable cause for forfeiture. In response, counsel for the Sheriff argued that "this isn't the proper time to address these issues" and that the Sheriff had made a sufficient showing that Golon's property was connected with drug activity. The trial court agreed with the Sheriff and responded that the only matter pending was whether there was probable cause for the forfeiture and that the proper forum to raise the Fourth Amendment issue would be at another hearing, on a motion to suppress, before the judge who would be trying the case. The court then ruled that the Sheriff had probable cause to seize Golon's property, and it ordered the Sheriff to retain possession of the property pending further order of the court.
We agree with Golon that the lower court erred in not considering his ore tenus motion to suppress and the Fourth Amendment claim he attempted to raise during the adversarial preliminary hearing.[1] In Indialantic Police Department v. Zimmerman, 677 So.2d 1307 (Fla. 5th DCA 1996), Zimmerman argued during an adversarial hearing in a post-seizure of property forfeiture case that the arresting officer had unlawfully stopped his vehicle and that the ensuing search violated his Fourth Amendment rights. The lower court determined that there was no probable cause to believe Zimmerman's truck had been used in violation of the Forfeiture Act. See id. at 1308. The basis for its ruling was that the officer violated Zimmerman's Fourth Amendment rights because the stop was unlawful. See id. On appeal, the City of Indialantic argued that the trial court should not have considered Fourth Amendment issues at that stage of the proceedings; rather, the court was limited to determining whether there was probable cause to believe that the seized property had been used in violation of the Forfeiture Act. See id. at 1309.
The Fifth District Court of Appeal held that the lower court acted properly in considering the Fourth Amendment issues:

*661 [T]he validity of the stop and search are inextricably bound up with the probable cause determination required by the Act. If no probable cause exists to stop a vehicle, or search it, which leads to discovery of the contraband, then that seized evidence should not be considered, and cannot form the basis for the probable cause determination required by the Act. Indeed, Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991) does not limit so narrowly the issues which a trial court must consider in an adversarial preliminary hearing in a forfeiture case. The Real Property court required:
After the ex parte seizure of personal property, the state must immediately notify all interested parties that ... they have a right to request a post-seizure adversarial preliminary hearing. If requested, the preliminary hearing shall be held as soon as is reasonably possible to make a de novo determination as to whether probable cause exists to maintain the forfeiture action.

Id. at 965.
In this case, the testimony proffered by the state to establish probable cause to determine the vehicle was being used in violation of the Act, by its nature, raised Fourth Amendment issues. Clearly, Zimmerman had a right to cross-examine Baker on this issue. Argersinger v. Hamlin, 407 U.S. 25, 27-28, 92 S.Ct. 2006, 2008, 32 L.Ed.2d 530 (1972). Once the Fourth Amendment issue arose, the trial court ha[d] a duty to make a determination of those issues whether they were expressly raised in the pleadings.
Indialantic, 677 So.2d at 1309 (footnote omitted).
Consistent with Indialantic, we hold that the lower court erred in failing to consider the Fourth Amendment issue in determining whether there was probable cause. Florida Statute section 932.704(1)(1997) provides in part that:
It is also the policy of this state that law enforcement agencies ensure that, in all seizures made under the Florida Contraband Forfeiture Act, their officers adhere to federal and state constitutional limitations regarding an individual's right to be free from unreasonable searches and seizures, including, but not limited to, the illegal use of stops based on a pretext, coercive-consent searches, or a search based solely upon an individual's race or ethnicity.
Indeed, long-standing precedent provides that evidence derived from a search in violation of the Fourth Amendment must be excluded at a hearing determining whether the government has probable cause for forfeiture. See One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) (exclusionary rule applies to forfeiture proceedings); Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886) (evidence obtained in violation of Fourth Amendment cannot be relied upon to sustain a forfeiture); McLane v. Rose, 537 So.2d 652 (Fla. 2d DCA 1989) (evidence uncovered in violation of the Fourth Amendment must be excluded from consideration in civil forfeiture proceedings); In re Forfeiture of Approximately $48,900 in U.S. Currency, 432 So.2d 1382, 1385 (Fla. 4th DCA 1983) ("[T]he governmental entity seeking forfeiture must establish probable cause for violation of the forfeiture act without benefit of evidence obtained in violation of the Fourth and Fourteenth Amendments.").
The Sheriff argues that even if the trial court could have considered the Fourth Amendment issue at the preliminary hearing, the trial court was correct in refusing to hear Golon's claim since the only matter noticed for hearing was the probable cause issue and Golon had not filed any motion to suppress. The Sheriff, citing State Department of Highway Safety & Motor Vehicles v. Killen, 667 So.2d 433 (Fla. 4th DCA 1996), argues that the legality of the search and seizure should have been raised in a responsive pleading and then argued *662 in a motion to. suppress. Killen held, inter alia, that the appellee should not have raised the Fourth Amendment issues in a motion to dismiss the forfeiture complaint; rather, "he should have raised those issues in his responsive pleadings, and presented them for argument to the trial court in a motion to suppress unlawfully seized evidence." Id. at 436-37. We find Killen distinguishable since, there, the claimant attempted to raise the Fourth Amendment issue via a motion to dismiss which was filed after the preliminary adversarial hearing and prior to the final forfeiture hearing. A motion to dismiss is a particularly ill-suited vehicle in which to bring a Fourth Amendment suppression claim. No evidence may be taken on a motion to dismiss, and the court is required to determine whether from the four corners of the complaint, a cause of action is pled. Because we are presented with a different procedural posture here, Killen does not control and we find no reason to revisit the decision in Killen at this time.[2]
In declining to rule on the Fourth Amendment issue, the lower court did not appear concerned with the fact that Golon had not yet filed a suppression motion or responsive pleadings. Rather, the court apparently believed that the issue of probable cause and the Fourth Amendment claim were separate and distinct and could not be considered hand in hand. Hence, we suspect that even had Golon raised the Fourth Amendment claim in a written pleading prior to the probable cause hearing, the lower court would have declined to consider the issue. Nevertheless, we address the collateral issue raised by the Sheriff, that is, whether the suppression issue must be raised in a written motion or pleading filed prior to the adversarial hearing.
Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991), which sets forth the procedures to be employed in Florida civil forfeiture cases in order to satisfy due process concerns, acknowledges the Fourth Amendment's application but does not address the issue presented here.[3]Real Property provides that after an ex parte seizure of personal property, the government must immediately notify all interested parties that it has taken the subject property in a forfeiture action; the parties then have the right to request a post-seizure adversarial preliminary hearing, and such hearing must be held within 10 days of such request. See 588 So.2d at 965-66; see also § 932.703, Fla. Stat. Additionally, an agency seeking forfeiture must file a verified petition seeking issuance of a rule to show cause. A copy of the petition and rule to show cause shall be served on all interested parties, and the rule to show cause shall require that responsive pleadings and affirmative defenses be filed within 20 days of service of the rule to show cause. See 588 So.2d at 966-67; see also § 932.704, Fla. Stat. "The Florida Rules of Civil Procedure shall otherwise control service of process, discovery, and other measures appropriate for the administration of forfeiture proceedings." 588 So.2d at 967.
Under the prevailing procedures, a claimant conceivably could request an adversarial preliminary hearing prior to filing responsive pleadings and affirmative defenses, which, as noted, must be filed within 20 days of service of the rule to show cause. Since the hearing must be held within 10 days of a request for such a hearing, we can envision a scenario in which a claimant's time for filing affirmative defenses and responsive pleadings has *663 not yet expired. That appears to be what happened here. The government argues that to satisfy the need for a fair and orderly proceeding, the claimant must be required to let the seizing agency know, in writing and prior to the hearing, if the claimant intends to assert a Fourth Amendment claim and what the nature of that claim will be.
Section 932.703(2)(a) provides that a request for an adversarial preliminary hearing at which the government is required to establish probable cause that the property was used in violation of the Forfeiture Act must be made in writing. We can find no direct authority for the requirement that a claimant must file a motion to suppress or other responsive pleading in order to raise Fourth Amendment issues at an adversarial preliminary hearing, although the Florida Rules of Civil Procedure, which control the procedural aspects of forfeiture hearings, show a decided preference that all motions and requests for relief be made in writing and prior to any scheduled hearing. See Fla. R. Civ. P. 1.090(d) and 1.100(b). The Rules of Criminal Procedure (which admittedly are not directly applicable here) provide generally that all pretrial motions must be presented in writing. See Fla. R.Crim. P. 3.190(a). More particularly, the criminal rules of procedure provide that motions to suppress evidence in an illegal search must "clearly state the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based." Fla. R.Crim. P. 3.190(h)(2). However, under both the civil and criminal rules of procedure, exceptions exist which allow the judge to consider applications for relief which were not contained in written motions filed prior to the hearing or trial. See Fla. R. Civ. P. 1.100(b)("An application to the court for an order shall be by motion which shall be made in writing unless made during a hearing or trial...."); Fla. R.Crim. P. 3.190(h)(4)("The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.").
Ideally, in an adversarial preliminary hearing under the Forfeiture Act, the claimant would file, simultaneously with a request for an adversary preliminary hearing, a responsive pleading with affirmative defenses and a motion to suppress. See State v. Glass, 657 So.2d 934 (Fla. 1st DCA 1995) (after sheriffs office sent notice to claimant of her right to adversarial preliminary hearing in forfeiture proceeding, claimant answered, requested an adversarial preliminary hearing, and moved to suppress all evidence seized). Notwithstanding, we do not believe the claimant must employ that procedure in order for a Fourth Amendment issue to be considered at a probable cause hearing. In light of the foregoing cases recognizing that the exclusionary rule applies to forfeiture proceedings, the government should anticipate that these issues may arise. Nevertheless, in the event that a written pleading or motion raising the Fourth Amendment claim is not filed prior to the probable cause hearing, and the government requests an opportunity to develop the evidence or to marshal the law in order to respond to the Fourth Amendment claim, the court should grant a continuance for a reasonable amount of time. Of course, pursuant to Real Property and section 932.703, the probable cause hearing should occur as soon as practicable. Where, as here, the government already has possession of the property in question, a brief continuance will pose no risk that the claimant will abscond with the property sought to be forfeited.
For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
FARMER and KLEIN, JJ., concur.
NOTES
[1] It should be noted that Golon subsequently filed a motion to suppress in the criminal proceeding against him, and the trial court granted the motion to suppress.
[2] In re Forfeiture of $62,200 in U.S. Currency, 531 So.2d 352, 355 (Fla. 1st DCA 1988), on which Killen relied, is likewise distinguishable because, there, the claimant's answer, filed prior to the forfeiture hearing, failed to allege a Fourth Amendment violation. Additionally, the claimant raised the issue for the first time in his motion for rehearing.
[3] The legislature amended the Forfeiture Act, effective July 1, 1992, to incorporate the procedures set forth in Real Property. See Ch. 92-54, §§ 1-7, at 501-10, Laws of Fla.