PATTERSON, Chief Judge.
Bernard Shaw appeals from his judgment and sentence for possession of cocaine. He argues that the trial court erred in denying his motion to suppress cocaine found as a result of an illegal search and seizure. We agree and reverse.
The record shows that on April 18, 1999, while on routine patrol, two officers saw Shaw and another man sitting in a car which was legally parked in the parking lot of a bar. A third man was leaning into the driver’s side window. The officers, who were in uniform and in a marked patrol car, pulled up behind Shaw’s car. The officers did not see an exchange of objects between any of the men but did see the standing man drop “a tubular item” into the ear. They did not see Shaw take possession of the item. Two other uniformed officers arrived within minutes.
Officer Racky testified that he asked Shaw if he would “mind stepping out of the vehicle.” He also asked if Shaw had anything illegal on him or in the car. Shaw replied that he did not. When the officer asked for consent to search the car and also to search Shaw for drugs or weapons, Shaw responded, “Go ahead.” The officer conceded that based upon what he had seen up to that point, he did not have a reasonable suspicion of criminal activity to justify an investigative stop, and that if Shaw had not consented to a search, he would have let him go. During a pat-down search, the officer found rock cocaine in an “M & M” container tucked in the waistband of Shaw’s pants.
Contrary to Officer Racky’s testimony, Shaw testified that because of the position of the officer’s car, he could not have backed out of the parking space. He further testified that the officer asked him to turn off the car’s ignition and to step out of the car. At that point, he did not feel free to leave. He claimed that he only consented to a search of the car.
The State argued that the encounter was consensual. The trial court agreed and concluded that Shaw permitted the searches. However, “[a]s a general rule, an encounter between a police officer and a citizen becomes an investigative stop when the citizen is asked to exit a vehicle.” Danielewicz v. State, 730 So.2d 363, 364 (Fla. 2d DCA 1999). See Popple v. State, 626 So.2d 185 (Fla.1993); Allen v. State, 703 So.2d 1162 (Fla. 2d DCA 1997). Here, Shaw had committed no traffic violations and had given the police no grounds for an investigative stop. Officer Racky’s request that Shaw get out of his car constituted a show of authority which restricted Shaw’s freedom of movement “because a reasonable person under the circumstances would believe that he should comply.” Popple, 626 So.2d at 188. Thus, the initial detention was unlawful, and the cocaine found as a result of the search of Shaw’s person was fruit of the poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Therefore, the trial court erred in denying Shaw’s motion to suppress. Accordingly, we reverse.
Reversed.
NORTHCUTT and STRINGER, JJ„ concur.