934 So.2d 669 (2006)
In re FORFEITURE OF: 1999 DODGE INTREPID, VIN NO. 2B3HDY6RXXH543805, FLORIDA TAG # J06MAQ, and Three Thousand One Hundred Fourteen and 00/100 Dollars ($3114.00) United States Currency.
Romerio L. Walker, Appellant,
v.
Sheriff Grady Judd, Appellee.
No. 2D06-154.
District Court of Appeal of Florida, Second District.
August 9, 2006.
Romerio L. Walker, pro se.
David S. Bergdoll of Polk County Sheriff's Office, Bartow, for Appellee.
NORTHCUTT, Judge.
Following the discovery of narcotics during a traffic stop, the Polk County Sheriff's Office seized Romerio Walker's car, currency in the sum of $3114, and two cell phones. After an adversarial preliminary hearing, the circuit court ordered the cell phones returned to Walker, but it found probable cause for the initiation of proceedings to forfeit the car and cash. Walker has appealed, contending that the circuit court erred by refusing to entertain his evidence and argument concerning the validity of the stop and search. We agree and reverse.
Under the Florida Contraband Forfeiture Act, articles falling within the definition of contraband may be seized and ultimately forfeited. § 932.703(1), Fla. Stat. (2005). Following the seizure of personal property, the State must notify all interested parties of their right to request a postseizure adversarial preliminary hearing. *670 § 932.703(2)(a). If requested, the circuit court must hold a hearing and determine whether there is probable cause to believe that the property is subject to forfeiture. § 932.703(2)(c); see also Dep't of Law Enforcement v. Real Prop., 588 So.2d 957, 965-66 (Fla.1991).
The Fourth Amendment's exclusionary rule applies to forfeiture proceedings. 588 So.2d at 963; One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). Specifically, evidence obtained in violation of the Fourth Amendment must be excluded from the probable cause determination at an adversarial preliminary hearing. Alvarez v. City of Hialeah, 900 So.2d 761, 765 (Fla. 3d DCA 2005) ("[W]here the claimants raised a Fourth Amendment challenge to the stop of the vehicle, that issue must be addressed first and independently of the question of whether there is a nexus between the seized currency and unlawful drug activity."); Golon v. Jenne, 739 So.2d 659, 661 (Fla. 4th DCA 1999) ("[L]ongstanding precedent provides that evidence derived from a search in violation of the Fourth Amendment must be excluded at a hearing determining whether the government has probable cause for forfeiture."); Indialantic Police Dep't v. Zimmerman, 677 So.2d 1307, 1309 (Fla. 5th DCA 1996) ("[T]he validity of the stop and search are inextricably bound up with the probable cause determination required by the Act."); see also McLane v. Rose, 537 So.2d 652, 653 (Fla. 2d DCA 1989) (reversing trial court's decision on lawfulness of seizure but stating that "evidence uncovered in violation of the fourth amendment ... must be excluded from consideration in civil forfeiture proceedings").
At the hearing in this case, the circuit court declined to entertain Walker's suppression issue after the Sheriff's counsel advised that Walker had prepared a motion to suppress but that it was not noticed for the hearing. In Golon, 739 So.2d at 663, the Fourth District reviewed the procedural protections associated with forfeiture proceedings, set forth by the supreme court in Real Property and in the Florida Rules of Civil Procedure. It found "no direct authority for the requirement that a claimant must file a motion to suppress or other responsive pleading in order to raise Fourth Amendment issues at an adversarial preliminary hearing[.]" Golon, 739 So.2d at 663 (noting that the State should anticipate these issues and should obtain a continuance if it needed additional time to develop evidence or research the law). In this case, the circuit court erred by finding probable cause without allowing Walker to present evidence and argument concerning the validity of the stop and search. Therefore, we reverse.
Reversed and remanded for further proceedings.
CASANUEVA and CANADY, JJ., Concur.