946 So.2d 1133 (2006)
MIAMI-DADE POLICE DEPARTMENT, Appellant,
v.
In re FORFEITURE $28,176.00 U.S. CURRENCY, Appellee.
No. 3D06-105.
District Court of Appeal of Florida, Third District.
December 20, 2006.
*1134 William J. Monahan, and Robert Knabe, for appellant.
Gregg S. Lerman, West Palm Beach, for appellee.
Before COPE, C.J., and GERSTEN, and SHEPHERD, JJ.
PER CURIAM.
The Miami-Dade Police Department ("Department"), appeals an adverse final judgment which found there was no probable cause for the seizure of $28,176.00. We affirm.
Around 8:00pm, two undercover police officers saw a parked Honda in the corner of a shopping plaza parking lot. The lot was emptying out but several businesses were still open. The police officers believed that the car was either abandoned or stolen. However, they did not have any information that anyone had reported the car stolen.
Although the officers did not see anyone in the car or any criminal activity, they approached the car to check the tag and *1135 VIN number. The driver started the engine and drove toward the parking lot exit. The officers ran the tag and learned that the car was not stolen.
The officers followed the driver and activated their police lights. The driver was fully cooperative and pulled over. The officers asked the driver why he was in the parking lot. He said he was waiting for an individual named Tony.
Upon further questioning, the driver then admitted that he had driven down from West Palm Beach to purchase marijuana from an unknown individual, and that there was money in the backseat. The driver waived his Miranda rights and agreed to a vehicle search. The police seized $28,176.00 in U.S. currency as contraband.
The trial court conducted a civil forfeiture probable cause hearing at the driver's request. The trial court concluded that the police officers conducted an illegal stop in violation of the Fourth Amendment, and excluded the seized currency. This appeal follows.
On appeal, the Department contends that the trial court denied the Department the opportunity to present evidence on the Fourth Amendment exclusionary rule. The Department also argues that the trial court erred in finding that the police officers did not have reasonable suspicion for the stop. We disagree.
Florida law is clear that the exclusionary rule applies to forfeiture proceedings, and that evidence the police obtain in violation of the Fourth Amendment must be excluded at probable cause hearings. See Alvarez v. City of Hialeah, 900 So.2d 761, 765 (Fla. 3d DCA 2005). Therefore, it is necessary for courts to address Fourth Amendment issues prior to addressing the probable cause issue of whether there is a nexus between the seized property and illegal activities. In re Forfeiture of 1999 Dodge Intrepid v. Judd, 934 So.2d 669 (Fla. 2d DCA 2006).
Here, at the probable cause hearing, the court excluded the evidence found as a result of the illegal stop. The Department did not ask to present evidence on this issue, did not object during the hearing, and did not seek a continuance to present additional evidence. The Department can not now claim error because it did not preserve this issue for appellate review. See F.B. v. State, 852 So.2d 226 (Fla.2003).
Next, we turn to the legality of the stop. Based on our de novo review of the evidence, we agree with the trial court that the police conducted an illegal investigatory stop and that any evidence the police obtained as a result of the stop must be excluded.
A police officer may conduct an investigatory stop and detain a citizen temporarily on less than probable cause if the officer has reasonable suspicion that a person has committed, is committing, or is about to commit a crime. State v. Taylor, 826 So.2d 399 (Fla. 3d DCA 2002); Donaldson v. State, 803 So.2d 856 (Fla. 4th DCA 2002). The officer, however, must be able to point to specific facts, which taken together with inferences from those facts, reasonably warrant this type of intrusion. § 901.151(2), Fla. Stat. (2005); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
Merely suspecting possible criminal activity is not enough to legally stop a person. Taylor, 826 So.2d at 402. Looking at the totality of the circumstances in this case, the police officers had no reasonable founded suspicion that any criminal activity was taking place. See Alvarez, 900 So.2d at 767.
*1136 Here, the car was legally parked in a shopping center open for business. Although the officers approached the car because they believed it was abandoned or stolen, they determined that, in fact, the car was not stolen. Further, the officers neither observed any criminal activity, nor stopped the driver for a traffic infraction. The driver was fully cooperative and did not attempt to flee or elude the undercover officers. These facts, without more, do not create a reasonable suspicion of criminal activity sufficient for the officers to stop the car.
Moreover, it is well settled that merely observing an individual in a legally parked car is insufficient to raise a well-founded suspicion of criminal activity to support a stop. Popple v. State, 626 So.2d 185 (Fla. 1993); Miranda v. State, 816 So.2d 132 (Fla. 4th DCA 2002)(observing a legally parked car in the back of apartment complex at 5:00am in area of prior criminal activity was not sufficient to create reasonable suspicion that a crime had or was about to occur); Alvarez v. State, 695 So.2d 1263 (Fla. 2d DCA 1997)(officers who observed defendant in a legally parked car at 4:00am did not have reasonable suspicion that defendant was committing a crime); Sites v. State, 582 So.2d 813 (Fla. 4th DCA 1991)(legally parked cars do not give a police officer a basis for detaining or searching persons therein).
Accordingly, we affirm the trial court's order finding the stop of the vehicle unlawful, and finding the Department could not establish probable cause that the money was used in violation of the Florida Contraband Forfeiture Act.
Affirmed.