LaROSE, Judge.
Raymond Neeley appeals his judgment and sentence after pleading to possession of a controlled substance without a prescription. See § 893.13(6)(a), Fla. Stat. (2010). We have jurisdiction. See Fla. RApp. P. 9.140(b)(2)(A)(i). The trial court erred in denying Mr. Neeley’s motion to suppress the pills found in his pocket after an illegal. detention and search. Consequently, we reverse.
The undisputed facts appear as follows. Officer Hilton was alerted to a man slumped over in a van in the driveway of a residence. He responded to the site and saw Mr. Neeley slumped behind the wheel with two doors wide open. He determined that Mr. Neeley was' all right and not intoxicated. Officer Hilton directed Mr. Neeley to “stand by” and knocked on the front door of the residence, which belonged to Ms. Clancy, Mr. Neeley’s ex-wife. The van was hers. After speaking with Ms. Clancy, Officer Hilton returned to the driveway. He searched Mr. Neeley and discovered eight oxycodone pills. Ms. Clancy found the van keys in her purse before Officer Hilton removed Mr. Neeley from the scene.
The.testimony of Officer Hilton and that of Ms. Clancy conflict as we delve further. Officer Hilton claimed that Ms. Clancy told him that Mr. Neeley did not have her permission to be in her van and that she was concerned about where her keys were. He said that when he searched Mr. Nee-ley, he believed he had probable cause to arrest him for trespass to a conveyance and that he was searching for the car keys. He claimed that he asked if he could search Mr. Neeley. Mr. Neeley only lifted his arms several inches, which Officer Hilton interpreted as consent.
Ms. Clancy testified that when she answered Officer Hilton’s knock on her door, she told him that the last time she saw Mr. Neeley he was on the couch, that it was fine with her that Mr. Neeley was sleeping in her van, and that she left the van unlocked. She testified that when she opened the door to Officer Hilton, she saw Mr. Neeley standing outside, handcuffed. She said that Officer Hilton told her he had found medication in Mr. Neeley’s *766 pocket and asked her if she took medication and what type.
After a hearing, the trial court denied Mr. Neeley’s motion to suppress. The court found that at no time did Officer Hilton have probable cause to arrest him for trespass, but that the search was legal because there was no unlawful detention and Mr. Neeley consented to the search. The trial court concluded that Officer Hilton’s “asking” Mr. Neeley to “stand by” did not “put[ ] him in custody in any way” and that “he could have walked away if he wanted.” The court noted but discounted Ms. Clancy’s testimony that Mr. Neeley was handcuffed when she answered the door.
Even if Mr. Neeley consented to the search, such consent was invalid because Officer Hilton illegally detained him before consent. Consent given after illegal police activity is presumptively tainted and rendered involuntary. Norman v. State, 379 So.2d 643, 646-47 (Fla.1980); Butler v. State, 697 So.2d 907, 908-09 (Fla. 2d DCA 1997). Officer Hilton’s instruction to Mr. Neeley to “stand by” was a detention because a reasonable person under the circumstances would not feel free to leave or to disregard the instruction. See United States v. Mendenhall, 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Johnson v. State, 995 So.2d 1011, 1013-14 (Fla. 1st DCA 2008) (holding officer’s direction to car passenger to “sit tight” was detention). Additionally, Officer Hilton illegally detained Mr. Neeley after he returned to the van by instructing him to step out of the vehicle. See Popple v. State, 626 So.2d 185, 186 (Fla.1993); Shaw v. State, 778 So.2d 389, 390 (Fla. 2d DCA 2001); Allen v. State, 703 So.2d 1162, 1162-63 (Fla. 2d DCA 1997). Mr. Neeley’s “consent” was tainted and involuntary. Therefore, we reverse Mr. Neeley’s conviction.[1]
Reversed.
VILLANTI and CRENSHAW, JJ., Concur.

. Mr. Neeley's second argument that section 893.13, Florida Statutes (2010), is unconstitutional, is thus moot. We note that the supreme court has held section 893.13 constitutional. See State v. Adkins, 96 So.3d 412 (Fla.2012).