PER CURIAM.
On direct appeal, the State challenges the trial court’s order on a motion to suppress to the extent that the order granted Blake Jones’ request to suppress his statements. On cross-appeal, Jones challenges the trial court’s order on the motion to suppress to the extent that the order denied his request to suppress all physical evidence recovered. We hold that the trial court erred in partially denying Jones’ motion to suppress because the statements were made and the physical evidence was gathered after an illegal detention that occurred at the beginning of the stop. See Neeley v. State, 112 So.3d 764, 766 (Fla. 2d DCA 2013); Johnson v. State, 995 So.2d 1011, 1013-14 (Fla. 1st DCA 2008); Leroy v. State, 982 So.2d 1250, 1252 (Fla. 1st DCA 2008) (holding that for the purposes of the Fourth Amendment, a seizure occurs when, under the circumstances, a reasonable person would not believe that he was free to leave). We, therefore, reverse *1228 the trial court’s order to the extent that it denied the motion to suppress the physical evidence; we affirm the portion of the order that granted the motion to suppress the statements; and we remand for further proceedings.
REVERSED in part, AFFIRMED in part, and REMANDED.CJ1
ROWE, MARSTILLER, and RAY, JJ., concur.