May, J.
Giordanier Toussaint is the father of a defendant in a pending criminal matter. He claims to be the purported owner of property, and appeals a probable cause order in a forfeiture proceeding. He claims that $10,000.00 of the $11,388.00 recovered during the execution of a search warrant belongs to him. The City alleged the monies were proceeds from drug trafficking. The father argues the trial court erred in not definitively ruling on his standing, and *603 in failing to address his motions to disclose the confidential informant and suppress evidence. We agree and reverse.
The funds were seized after the City was contacted by a confidential informant (“Cl”) who advised that a black male known as “Amp” was actively purchasing trafficking amounts of powder cocaine, converting it into crack, and reselling it from within his residence. Law enforcement identified the defendant as “Amp.”
The City conducted two controlled buys between the defendant and the Cl, during which the defendant’s mother was present. Thereafter, law enforcement obtained a search warrant. They found drugs, paraphernalia, and cash in the defendant’s bedroom. They also found drugs in the mother’s bedroom. Law enforcement found a firearm and a bag containing $10,000.00 in her closet. According to law enforcement, the currency was wrapped in “quick count” bundles.
The City filed a verified complaint for probable cause and order for forfeiture, as well as an affidavit of probable cause. The mother filed a notice of claim staking an interest in the property seized. She later amended her notice of claim to reflect that the defendant’s father had a legal interest in the property as well.
An adversarial probable cause hearing was set. Before the matter was heard, the mother and father filed a motion to disclose the confidential informant and a motion to suppress the evidence found in the home and statements made by the defendant. They also moved for a return of the $10,000.00. Only the father attended the hearing.
The City disputed the father’s standing to challenge the forfeiture because he was not mentioned in the verified complaint nor in the probable cause affidavit, and was not present during the controlled buys. Velez v. Miami-Dade Police Dep’t., 934 So.2d 1162 (Fla. 2006); Chuck v. City of Homestead Police Dep’t, 888 So.2d 736 (Fla. 3d DCA 2004). The City argued the father’s motion to suppress was beyond the scope of the preliminary adversarial hearing.
The court equivocated on the factual issue of standing, but permitted the father to proceed with the hearing. The court then entered an order finding probable cause to link the funds to the defendant’s criminal activity. In doing so, the court deferred ruling on the motion to suppress, leaving it for the judge who would ultimately preside over the forfeiture case.
The Fourth Amendment applies to forfeiture proceedings, and evidence obtained in violation must be excluded from the probable cause determination at the adversarial preliminary hearing. Golon v. Jenne, 739 So.2d 659, 661 (Fla. 4th DCA 1999). “Indeed, longstanding precedent provides that evidence derived from a search in violation of the Fourth Amendment must be excluded at a hearing determining whether the government has probable cause for forfeiture.” Id.
The City contends that any error in not ruling on the motions was harmless because the father’s motion was grounded solely on the reliability and supervision of the Cl, whose identity was unknown to him. However, also pending was the father’s motion to obtain the Cl’s identity. The trial court erred when it failed to consider these motions before ruling on probable cause. We reject the City’s harmless error argument.
The case is remanded for the trial court to revisit the father’s claim after it addresses the outstanding motions.

*604
Reverseé and remanded for proceedings consistent with this opinion.

Warner and Klingensmith, JJ., concur.