DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY MAURICE BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-396

[January 6, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ernest A. Kollra, Judge; L.T. Case No. 18001695CF10A.

Carey Haughwout, Public Defender, and Breanna Atwood, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

This appeal is an example of what can go wrong, went wrong. The defendant appeals an order denying his motion to suppress after entering a plea, reserving his right to do so. He argues the trial court erred in denying the motion, and that the loss of the transcript and inability to reconstruct the record warrants a new trial.[1] We agree with the defendant that the lack of the hearing transcript prevents us from addressing the merits of the appeal and warrants a reversal.

Law enforcement stopped the defendant for an unassigned temporary tag on his vehicle. The defendant provided a copy of a registration that did not match the expiration on the temporary tag. The defendant told the officer that he owned the vehicle for about three months and continued to

---

[1] The hearing transcript is unavailable because the court reporter's car was stolen with the hearing notes inside. The facts are therefore drawn from the written documents in the record, including the trial court's order on the motion to suppress.

get temporary tags. The defendant was taken out of the car and informed that he was going to be arrested for failing to register his motor vehicle.

The officer searched the defendant's vehicle incident to arrest and found marijuana and crack cocaine. After the officer read the defendant his *Miranda* rights, the defendant admitted to placing the tag on the motor vehicle, failing to register the vehicle, and owning the marijuana and crack cocaine. The State charged the defendant with possession of marijuana, cocaine, and paraphernalia, and attaching an unassigned tag to his car. The State did not charge the defendant with misusing a temporary tag to avoid registering his vehicle.

The defendant moved to suppress his statements, the marijuana, cocaine, and paraphernalia. In his motion, the defendant argued the basis for the stop and arrest was unlawful because no law enforcement officer saw him attach the unassigned tag to his car. He argued his statements and the evidence obtained following the stop and arrest should be suppressed because they were obtained without a warrant. The State did not respond to the motion.

The trial court held an evidentiary hearing. The trial court denied the motion to suppress. The trial court's written order stated:

> At the suppression hearing, [the officer] testified that he stopped the [d]efendant on February 9, 2018, for an unassigned tag on his vehicle. [The officer] asked the [d]efendant for his license and registration, and then proceeded to verify that information. [The officer] returned to speak with the [d]efendant and asked him about the altered registration. The [d]efendant told [the officer] he has a temporary tag because he recently purchased the vehicle and he continuously obtains temporary tags. [The officer] testified that he notified the [d]efendant that he was going to be arrested for failing to register his motor vehicle and conducted an inventory search according to the department's standard inventory procedure before eventually having the vehicle towed. The inventory search uncovered a small clear plastic bag with cannabis on the driver side door handle inside of an opened cigarette box. [The officer] also found two small white rocks that he identified as crack cocaine. After reading the [d]efendant his *Miranda* rights, the [d]efendant acknowledged that he placed the tag on the motor vehicle.
> . . . .

2

> This [c]ourt finds the testimony of [the officer] to be credible. This [c]ourt also finds the [d]efendant's traffic stop and arrest were lawful because [the officer] observed the altered tag prior to the traffic stop and, post-*Miranda*, the [d]efendant admitted that he had placed the tag on the motor vehicle. Additionally, the inventory search of the [d]efendant's vehicle was lawful because [the officer] adhered to reasonable standardized procedures and there was no showing that he acted in bad faith or conducted the inventory search for the sole purpose of investigation. Therefore, the evidence obtained as a result of the traffic stop, arrest, and inventory search are admissible.

Following the denial of his motion to suppress, the defendant entered a negotiated no contest plea, and was adjudicated guilty on all charges and sentenced to concurrent 150 days in jail on counts one and two and 60 days on count three. The defendant then appealed the order denying his motion to suppress.

While the appeal was pending, the defendant moved to relinquish jurisdiction to reconstruct the record because of the missing transcript. Following the reconstruction hearing, the trial court entered a written order memorializing that both parties agreed: 1) the transcript of the hearing had been irretrievably lost; 2) the record cannot be reconstructed; 3) the testimony and objections presented at the hearing contained evidentiary issues the defendant preserved and would have served as legitimate grounds for appeal; and 4) the defendant is prejudiced in his appeal because the transcript is necessary for a complete and full review of this case.

In the defendant's status report upon relinquishment, he requests us to reverse and remand the case for a new trial because of the missing transcript and the inability to reconstruct the record. The State responded that a new trial was not required because the issue was purely legal. The State argued it was not bound by its concession at the reconstruction hearing that the lack of transcript prejudiced the defendant.

The defendant now argues reversal is required because: 1) there is no transcript of the suppression hearing and the State conceded the defendant was prejudiced; and 2) the officer did not observe the defendant attach the unassigned tag to his car, which is a misdemeanor. Thus, the arrest without a warrant was unlawful. The State responds: 1) the issue on appeal is purely legal and does not require a transcript of the suppression hearing; and 2) post-*Miranda*, the defendant conceded he attached the unassigned tag to his car.

3

To be entitled to relief, a defendant must "demonstrate that there is a basis for a claim that the missing transcript would reflect matters which prejudice the defendant." *Terry v. State*, 263 So. 3d 799, 805 (Fla. 4th DCA 2019) (quoting *Jones v. State*, 923 So. 2d 486, 489 (Fla. 2006)). Correspondingly, a transcript is unnecessary where a trial court's suppression order recites all the facts necessary to determine the issues on appeal as a matter of law. *See Armstrong v. State*, 862 So. 2d 705, 721 (Fla. 2003). "When transcripts are not available, '[t]he question to be asked is whether the portions are necessary for a complete review.'" *Terry*, 263 So. 3d at 804 (quoting *Velez v. State*, 645 So. 2d 42, 44 (Fla. 4th DCA 1994)). We conclude that the missing transcript is necessary for a complete review here.

If the initial stop and arrest was solely for an unassigned tag, our precedent would require a reversal. *See Phillips v. State*, 531 So. 2d 1044 (Fla. 4th DCA 1988). "Since [a] violation of . . . section 320.261 is only a misdemeanor, a police officer may arrest without a warrant only if the person has committed the offense in the presence of the officer." *Id.* at 1045.

The State concedes the officer did not witness the defendant attaching an unassigned tag to his license plate. But, the State argues the arrest was nonetheless constitutional because: 1) the defendant told the officer post-*Miranda* that he attached an unassigned tag to his vehicle; and 2) the defendant was validly arrested on the independent ground of misuse of a tag to avoid registration of his vehicle.

Here, the question of whether the defendant's arrest for attaching an unassigned tag was unlawful because the officer did not see him commit the misdemeanor cannot be answered without knowing other facts that we cannot ascertain without the transcript. The probable cause affidavit indicates the officer arrested the defendant for both attaching an unassigned tag and for misusing the tag to avoid registering his car. The probable cause affidavit also indicates that the registration handed to the officer had been altered. The court's order indicates that the officer testified that he told the defendant he was *stopped* for an unassigned tag, but was being *arrested* for failing to register his motor vehicle.

The order further states the court found the officer's testimony credible that the "stop and arrest were lawful because [the officer] observed the altered tag prior to the traffic stop and, post-*Miranda*, the [d]efendant admitted that he had placed the tag on the motor vehicle." The order talks about an *altered* tag, but that is not what the defendant was stopped,

arrested, or charged with. The order does not say when the officer learned the tag was unassigned, before or after the stop.

Unfortunately, without the transcript of the officer's testimony, we cannot discern the nuances and sequence of what took place. We do not know whether the initial arrest was for the unassigned tag, an altered tag or registration, or for misuse of the tag. *Cf. Kirby v. State*, 217 So. 2d 619, 621 (Fla. 4th DCA 1969) (finding that because the offense requires "the actual operation of the vehicle upon the public streets or highways," it "is a continuing one. . . ."). And while the probable cause affidavit indicates the defendant was charged with attaching an unassigned tag and using the tag to avoid registering the vehicle, the State ultimately charged him with only attaching an unassigned tag.

We also do not know the sequence of events leading up to the defendant's admissions to the officer. The court's order does not say whether the admissions were made before or after the arrest. *Cf. Brown v. State*, 91 So. 2d 175, 177 (Fla. 1956) ("[W]hen appellant voluntarily admitted that his ranch wagon was stocked with moonshine," *prior* to his arrest, "such admission was tantamount to the commission of the offense of possessing illicit liquor in the presence of the officer."). We simply cannot extract those facts from the paper record, nor can we decipher what was presented and ruled on at the motion to suppress.

While the trial court's order attempts to summarize the suppression hearing, it was never meant to be the entire record. The omissions and inconsistencies within the available record prevent us from analyzing the defendant's claim that his arrest was lawful. That analysis is crucial to determining if the trial court's decision on the motion to suppress was correct. For these reasons, we reverse and remand the case to the trial court.

*Reversed and remanded for further proceedings consistent with this opinion.*

LEVINE, C.J., and ARTAU, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**