982 So.2d 1250 (2008)
Johnathan Leray LEROY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3540.
District Court of Appeal of Florida, First District.
June 2, 2008.
*1251 Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, for Appellant.
Bill McCollum, Attorney General, and Donna A. Gerace, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Jonathan Leroy, challenges an order denying suppression of all statements and evidence obtained following a search of his person and vehicle. Appellant contends the search was involuntary and, therefore, the evidence found on his person and in his vehicle, as well as any statements made after his seizure, should be suppressed. We agree and, accordingly, reverse.
At about 8:00 p.m. on June 27, 2006, Officer Hayes was at the Fairview Apartments in uniform, on foot and "in the shadows" when he observed a vehicle moving extremely slowly through the area. *1252 Stepping out of the shadows and into his car, he drove around, pulled in and "lit up" Appellant's vehicle. Appellant exited his vehicle and Officer Hayes stood in close proximity to him, between two parked vehicles. Given there was a posted "no trespassing" sign, Officer Hayes investigated Appellant for trespass, and asked Appellant regarding the purpose of his visit. Appellant responded he was visiting his cousin, who lived in the apartment complex.
Officer Hayes called for back-up and Officers Priester and Kennedy arrived. Officer Priester situated himself with Officer Hayes and Appellant between the two vehicles. Officer Hayes advised Appellant the area was a known narcotics area. He requested Appellant consent to a pat-down for weapons and narcotics, to which Appellant agreed. As Officer Hayes performed the pat-down, he felt baggies common to cannabis in Appellant's pocket. Officer Hayes asked to search Appellant's pocket. Appellant initially refused but, upon further discussion, agreed to the search.
Officer Hayes found seven full baggies of cannabis in Appellant's pocket, whereupon Appellant was advised he was under arrest. When Appellant turned away and tensed up his arm, Officers Priester and Kennedy "took him to the ground" and cuffed him. The subsequent search of Appellant's vehicle yielded 4.5 ounces of powder cocaine and a single piece of crack cocaine.
At the suppression hearing, Officer Hayes testified Appellant "was detained for a trespass investigation" during which the narcotics arrest occurred.
To detain a citizen for an investigatory stop, an officer must have reasonable suspicion that the person has committed, is committing, or is about to commit a crime. See § 901.151, Fla. Stat. (2007). A reasonable suspicion of criminal trespass usually requires more than mere presence on the property. See Williams v. State, 910 So.2d 368, 371 (Fla. 5th DCA 2005). Where a person is lawfully present in an area known for drug activity, reasonable suspicion does not arise merely from the person sitting in a parked vehicle. See Miranda v. State, 816 So.2d 132, 135 (Fla. 4th DCA 2002).
For purposes of the Fourth Amendment, a seizure occurs when, under the circumstances surrounding the incident, a reasonable person would not believe he was free to leave. See Golphin v. State, 945 So.2d 1174, 1182 (Fla.2006). Use of a police spotlight or flashlight is one factor to consider in evaluating whether a person would reasonably believe he was free to leave. See Blake v. State, 939 So.2d 192, 196 (Fla. 5th DCA 2006). Consent subsequent to an illegal seizure is fruit of illegal conduct, and is presumptively tainted and rendered involuntary. See Cooper v. State, 654 So.2d 229, 231 (Fla. 1st DCA 1995); see also Golphin, 945 So.2d at 1191.
Here, Officer Hayes testified his initial encounter with Appellant was a detention. Officer Hayes emerged from "the shadows," got into his car, pulled in, and "lit up" Appellant's vehicle. He approached Appellant in a confined space between two vehicles, while in uniform. Within a short time Officers Priester and Kennedy joined him.
Under these circumstances, Appellant (or any other reasonable person) would not feel free to leave. Consequently, when Appellant was detained, he was seized. For the seizure to be lawful as an investigatory stop, the State must prove the police had a reasonable suspicion that Appellant had committed, was committing, or was about to commit a crime.
*1253 The State is unable to meet its burden. No reasonable suspicion of trespass arose from Appellant's mere presence on the property. There was no BOLO with his description, nor was he observed to have an equipment or moving violation. Officer Hayes did not recognize Appellant as someone who had previously trespassed. Appellant was lawfully sitting in his vehicle and, although he was in a high crime area, standing alone, that was insufficient to establish reasonable suspicion.
Because Officer Hayes lacked a reasonable suspicion for a lawful detention, Appellant was illegally seized. Consequently, Appellant's consent, the fruit of illegal police conduct, was rendered involuntary.
The trial court's denial of Appellant's motion to suppress is REVERSED and the case REMANDED for proceedings consistent with this opinion.
ALLEN, DAVIS, and HAWKES, JJ., concur.