DAMOORGIAN, J.
Vincent Collins (“Defendant”) raises two issues on appeal with respect to his judgment and sentence for possession of cocaine: 1) whether the trial court wrongfully denied his motion to suppress evidence of the cocaine because the cocaine was “seized as the result of an unlawful detention and/or warrantless exploratory search,” and 2) whether the statute charging Defendant with drug possession is unconstitutional. As to the second issue, we affirm without further comment based on the holding of State v. Adkins, 96 So.3d 412 (Fla.2012). However, as to the first *1042 point, we hold that the trial court erred in denying Defendant’s motion to suppress the cocaine because the investigating officer did not have reasonable suspicion to justify stopping and detaining Defendant. Accordingly, we reverse the ruling on the motion to suppress the drug evidence.
Our holding requires a recitation of the facts garnered through the testimony of the arresting officer at the suppression hearing. At about 1:00 P.M. on the day in question, the officer, who was in uniform and driving a marked vehicle, was dispatched to an apartment complex based on an anonymous tip that two juveniles were loitering around the complex and that narcotics were possibly involved. Upon arriving at the complex, the officer encountered Defendant, who was twenty-one years old at the time, and another young man. Both young men informed the officer that they were visiting a Mend who lived in one of the apartments. The officer pointed out that there was a “no trespassing” sign on the premises, and asked the men to “stand by” while he went to make sure that they were guests of one of the residents. The officer testified that Defendant and the other man were not free to leave. While he was knocking on the door of the resident’s apartment (which no one answered), the officer witnessed Defendant take something out of his pocket and drop it on the ground. That substance turned out to be cocaine, and Defendant was arrested and charged with possession of cocaine.
Defendant argues that the cocaine should have been suppressed because the evidence showed that the arresting officer did not have enough reasonable suspicion to justify stopping and detaining Defendant. The State counters that the anonymous phone call coupled with the officer’s independent observations were sufficient to justify the stop and brief detention. In the alternative, the State argues that the encounter between the officer and Defendant was consensual.
When reviewing a trial court’s order on a motion to suppress evidence, the appellate court should defer to the trial court’s factual findings but review its legal conclusions de novo. Castella v. State, 959 So.2d 1285, 1289 (Fla. 4th DCA 2007).
The Florida Supreme Court described the three levels of police-citizen encounters in Popple v. State, 626 So.2d 185, 186 (Fla.1993):
The first level is considered a consensual encounter and involves only minimal police contact. During a consensual encounter a citizen may either voluntarily comply with a police officer’s requests or choose to ignore them. Because the citizen is free to leave during a consensual encounter, constitutional safeguards are not invoked.
The second level of police-citizen encounters involves an investigatory stop as enunciated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). At this level, a police officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime. In order not to violate a citizen’s Fourth Amendment rights, an investigatory stop requires a well-founded, articulable suspicion of criminal activity. Mere suspicion is not enough to support a stop.
[[Image here]]
[T]he third level of police-citizen encounters involves an arrest which must be supported by probable eause that a crime has been or is being committed.
Id. (Internal citations omitted.)
“When determining whether a particular encounter is consensual, the Court must look to the ‘totality of the circumstances’ surrounding the encounter *1043 to decide ‘if the police conduct would have communicated to a reasonable person that the person was free to leave or terminate the encounter.’ ” Taylor v. State, 855 So.2d 1, 15 (Fla.2003) (quoting Voorhees v. State, 699 So.2d 602, 608 (Fla.1997)). Here, there is no doubt that a reasonable person would not have felt free to leave or terminate the encounter—indeed, the arresting officer testified that Defendant was not free to leave after the officer told him to stand by while he investigated. Accordingly, we reject the State’s contention that the encounter was consensual, and hold that it was an investigatory stop.
Next, we must determine if the investigatory stop was permissible. “A stop and/or brief detention of a person for investigatory purposes is permissible if an officer has a well-founded suspicion (supported by articulable facts) of criminal activity, even if the officer lacks probable cause. The totality of the circumstances must be taken into account when determining whether an officer had a reasonable suspicion of criminal activity to justify the investigatory stop.” Huffman v. State, 937 So.2d 202, 206 (Fla. 1st DCA 2006) (citations omitted).
The State relies on the facts that the officer received an anonymous call reporting loitering and possible narcotics activity and that there was a “no trespassing sign” at the apartment complex in support of its argument that the officer did have enough reason to perform an investigative stop. This argument is misguided.
The law is well established that an anonymous call can provide a sufficient basis for an investigatory stop only if the details provided in the call are corroborated by independent police work giving the call a sufficient indicia of reliability. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Thus, if the call does not provide sufficient details that can be corroborated, it cannot be the basis of an investigatory stop unless the police officer witnesses additional suspicious activity. See, e.g., J.L. v. State, 727 So.2d 204 (Fla.1998), aff'd, 529 U.S. 266, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000) (anonymous call that a black male wearing a plaid shirt at a bus stop had a gun was not enough to justify law enforcement’s investigative stop when officers found a black male wearing a plaid shirt at the bus stop, but did not observe him engaging in any criminal activity); State v. Kelly, 790 So.2d 563 (Fla. 3d DCA 2001) (anonymous tip that three black males driving a grey Acu-ra were going to commit a home invasion did not provide sufficient information of criminal activity for police to corroborate in order to justify investigative stop).
Here, the information provided in the anonymous call was bare bones and lacked any degree of detail. The officer testified that the caller informed him only that two juveniles (no race, no gender, no other description) were hanging out at an apartment complex and that there may be narcotics involved. This information was not sufficient, even if corroborated, to justify an investigatory stop. Further, this .information was not even corroborated by the officer’s investigation—Defendant and the other man with him were not juveniles, and the officer did not observe any narcotics before he performed the investigatory stop. Thus, the only way that the investigative stop could be justified is if the officer independently witnessed activity giving rise to a reasonable suspicion that a crime was being committed.
A person’s mere presence on a property is not sufficient to give rise to a reasonable suspicion that the crime of trespass is being committed and cannot be the basis for an investigatory stop. For example, in the factually similar Leroy v. State, *1044 982 So.2d 1250 (Fla. 1st DCA 2008), the court held that police officers did not have sufficient reasonable suspicion to detain a suspect for a trespass investigation. Id. at 1253. There, police patrolling an apartment complex with posted “no trespassing” signs encountered a man driving through the parking lot at an extremely slow rate of speed. Id. at 1252. The officers asked the man the purpose of his visit, to which he replied he was visiting his cousin. Id. The police then stood close to the man’s car and asked him to consent to a pat-down. Id. The man agreed, and police discovered narcotics on his person. Id. The court held that the evidence obtained during the course of the investigatory stop should have been suppressed because the man’s mere presence on the property, although late at night and in a high crime area with “no trespassing” signs posted, was not sufficient to establish reasonable suspicion of trespass. Id. at 1253. See also Gestewitz v. State, 34 So.3d 832 (Fla. 4th DCA 2010) (“A detention for the purpose of issuing a trespass warning on behalf of a private owner — absent other circumstances giving rise to a reasonable suspicion of other criminal activity — -is a consensual encounter.”); Slydell v. State, 792 So.2d 667, 672 (Fla. 4th DCA 2001) (“We do not agree that an officer’s bare suspicion that a person is trespassing, even when coupled with an agreement between the property owner and the police for officers to stop and investigate persons whom the officers do not recognize as residents, is sufficient for an investigatory stop and detention.”); Williams v. State, 910 So.2d 368, 371 (Fla. 5th DCA 2005) (“[Rjeasonable suspicion of trespass usually involve[s] more than mere presence on property.”).
In Defendant’s case, the officer had no basis for suspecting that Defendant and the other man with him were committing the crime of trespass other than their mere presence at the apartment complex with posted “no trespass” signs. This was legally insufficient to justify the officer’s investigatory stop. Accordingly, we hold that the cocaine was the product of an illegal stop and should have been suppressed.

Reversed and Remanded.

STEVENSON and CONNER, JJ., concur.