Kuntz, J.
The Child appeals the court’s final judgment withholding adjudication of delin *133 quency. On appeal, the Child argues the court erred in its conclusion that his initial encounter with the arresting officer was consensual and, therefore, erred in issuing the resulting order denying his motion to suppress. We agree that the initial encounter between the officer and the Child was not consensual and, further, that the record lacked any evidence which would have given the officer reasonable suspicion to stop the Child. Therefore, we reverse and remand with instructions to grant the motion to suppress.

Background

A detective responded to a call regarding a suspicious vehicle around 'apartments. Upon arriving in the area, the detective heard voices coming from the adjacent city park and, given the time of day—9:00 pm—he decided to investigate. He saw a group of people walk away as he approached, and requested a fellow officer to assist.
When the officer arrived, he instructed the group to stop but only the Child complied. The officer testified that “upon his arrival ... he stopped the Child ... as he was exiting the park area of the apartment complex.” After a discussion, the officer patted down the Child and discovered a bag of marijuana in his pocket.
The Child moved to suppress this evidence, arguing that the officer lacked the legal authority to detain him. He argued the evidence was found as a result of a detention without probable cause or other legal basis. Therefore, he argued it must be suppressed.
The trial court denied the motion, finding the initial encounter between the officer and the Child to be consensual, and that the officer’s testimony was clear. Based upon the denial of the motion to suppress, the Child entered a plea of no contest, expressly reserving his right to appeal.

Analysis

We review a court’s ruling on a motion to suppress under a mixed standard of review, deferring to the court for its findings of fact, and reviewing conclusions of law de novo. Porter v. State, 765 So.2d 76, 77 (Fla. 4th DCA 2000) (en banc).
Ultimately, the issue in this case is whether the Child ’was entitled to the protections afforded by the Fourth Amendment to the United States Constitution in the initial interaction with the officer and, if so, whether the Fourth Amendment was violated. To determine whether the Fourth Amendment is implicated, we must determine the type of encounter at issue.
The Florida Supreme Court has identified three levels of police-citizen encounters: (1) consensual encounters; (2) investigatory stops; and (3) arrests. Popple v. State, 626 So.2d 185, 186-87 (Fla. 1993). A consensual encounter does not implicate the Fourth Amendment because the citizen is free to leave at any time. Id.; United States v. Mendenhall, 446 U.S. 544, 553, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). However, “the Fourth Amendment prohibits unreasonable searches and seizures by the Government, and its protections extend to brief investigatory stops of persons or vehicles, that fall short of traditional arrest.” United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002) (citations omitted); see also Popple, 626 So.2d at 187.
In this case, the court found the encounter to be consensual. However, the officer’s testimony indicates he told the Child to “stop” as a command and not as a request. The officer also testified that, immediately upon stopping him, he “made it clear” to the Child that he “wasn’t free to leave.” This testimony demonstrates that the Child did not voluntarily consent to the stop but, instead, responded to a command from law enforcement.
*134 The State also-offers an alternate theory and argues that, because all of the Child’s purported friends freely and voluntarily walked away when the officer approached, a reasonable person would have felt free to leave. In other words, the State argues that the encounter .was consensual, and the Child is not entitled to the protections of the Fourth Amendment, because he chose to stay and obey the commands of a uniformed officer.
• The-officer’s testimony, however, refutes this argument. The officer testified that the Child’s friends were “not free to leave.” He did not pursue the others because he “could only stop one.person at a time.” Further adding, “I can’t get everybody to stop and talk to me.” Therefore, according to the arresting officer, the Child and. his friends were not free to leave from the moment the encounter with the officer began,
Because we determine the encounter between- the Child and the officer was not consensual, but rather an investigatory stop or an arrest, the Child was entitled to the protections afforded by the Fourth Amendment. See Arvizu, 534 U.S. at 273, 122 S.Ct. 744; Popple, 626 So.2d at 187. As such, and because it is undisputed that there was no probable cause to arrest the Child at that moment, we must ask “whether the content of information possessed by police and its degree of reliability gave the officer[ ] reasonable suspicion that the [Child] was committing an ongoing crime.” Navarette v. California, — U.S. —, 134 S.Ct. 1683, 1693, 188 L.Ed.2d 680 (2014) (Scalia, J., dissenting).[1]
' In á factually similar case, the police received an anonymous tip that two adult males were loitering around an apartment complex in the early afternoon. Collins v. State, 115 So.3d 1040, 1042 (Fla. 4th DCA 2013), The officer “asked the men to stand by while he went to make sure” their story added up, and subsequently found cocaine on one of them. Id. We explained “there [was] no doubt that a . reasonable person would not have felt free to leave or terminate the encounter,” Id. at 1043, As in this case, in Collins “the arresting officer testified that the [defendant was not free to leave after the officer told him to stand by while he investigated.” Id. We held that “a person’s mere presence on a property is not sufficient to give rise to a reasonable suspicion' that the crime of trespass is being committed and cannot be the basis for an investigatory stop.”- Id. Therefore, we concluded, the evidence should have been suppressed. Id.
We reach thé same conclusion in this case and hold that the officer lacked reasonablé suspicion that the Child was committing a crime. Therefore, the officer’s investigatory stop was. not justified.

Conclusion

The officer lacked reasonable suspicion that the Child was committing a crime. Therefore, the Child’s Fourth Amendment rights were violated when the officer ordered him to “stop” and searched him. Because the search was unlawful, the judgment is vacated, and the case remanded with instructions to grant the Child’s motion to suppress.

Reversed and remanded with instructions.

May and Klingensmith, JJ., concur.

. In Navarette, the Court unanimously agreed with the portion of the dissent quoted above. 134 S.Ct at 1690 (2014).